CASE 9—PETITION EQUITY—JANUARY 28.*

# Mix, Etc. v. Fidelity Trust and Safety Vault Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. ESTOPPEL.—The payor of a note having requested one to buy the same from the holder thereof is estopped to make any defense which may have existed at that time.
2. USURY—INTEREST—MODIFICATION OF CONTRACT.—Where a note is made to bear eight per cent. interest which is legal at the time of its execution and subsequently by agreement between the parties only seven per cent., payable semi-annually, is to be collected thereon, the modification of the agreement thus made is valid, although at the time of the modification seven per cent. was in excess of the legal rate of interest.

KOHN, BAIRD & SPINDLE AND DAVIES AND WILLIAM MIX FOR
APPELLANTS.

1. A representation by the maker of a promissory note to an assignee
thereof raises no estoppel. Hoover v. Kilander, 83 Ind., 420;
McCall v. Powell, 64 Ala., 254; Behrens v. German Insurance Co.,
64 Ia., 19; Straus v. Mingesheimer, 78 Ill., 492; Galinghouse v.
Whitnell, 51 Barber, N.·Y., 208.

2. In order for a letter of representation to operate as an estoppel
there must be a false representation or a concealment of material
facts; the representation must be plain and certain and, ordinar-
ily, in reference to past or present facts only, and not as to mat-
ters of law or opinion. Phelps v. Ill. Central R. R., 94 Ill., 548;
McGuin v. Sell, 60 Ind., 249; Heminesbough v. Kansas City Ass'n,
79 Mo., 81; Chatfield v. Simonson, 92 N. Y., 209; Birdsay v. Bat-
tersfield, 34 Wis., 52.

3. The party relying on the representation as an estoppel must have
been ignorant of the facts.

4. In order to constitute an estoppel the representation must have
been relied upon.

5. An agreement not to claim usury already paid is void and of no
effect. Lewis v. Barton, 106 N. Y., 70; Union Bank of Rochester
v. Gilbert, 31 N. Y. S., 945 (83 Hun., 417).

6. The agreement between the parties as to the payment of seven
per cent. semi-annually was in affect a new contract, and that
rate being at the time usurious only the legal rate can be col-
lected. Story v. Kimbrough, 33 Ga., 21; Watson v. Mims, 56
Tex., 451; Thompson v. Baird, 17 Ky. Law Rep., 403; Carliss v.
McLaughlin, 1 D. Chif. (Vt.), 111; Woolen v. Green, 2 N. H., 333;
Rosenbraugh v. Ainsley, 35 Ohio State, 137; Shirley v. Mettie, 19
Ill., 623; Crawford v. Johnson, 11 Ind., 258; McAllister v. Jerman,
32 Miss., 142; Mitchell v. Dogett, 1 Fla., 400; Gray v. Belchen, 3
Fla., 110; Carter v. Brand, Cam. N., N. C., 28; Patterson v. Clark,
28 Ga., 526; Hopkins v. Koonce, 6 Gratt (Va.), 378; Barnes v. Pil-
grim, 24 Tex., 385.

BARNETT, MILLER & BARNETT FOR APPELLEE.

1. Appellant's lien note was dated December 15, 1877, and matured
two years thereafter. It bore interest at the rate of "eight per
cent. per annum after maturity until paid." Eight per cent. was

then legal interest. The six per cent. interest law went into effect in April, 1878.

The appellee bought the note at appellant's request on April 15, 1890, and interest was paid thereon at the rate of seven per cent., up to October 15, 1894. The lien was barred as to strangers on December 15, 1894, although good as between the parties by reason of the partial payments. Tate v. Hawkins, 81 Ky., 577; McCracken Co. v. Mercantile Trust Co., 84 Ky., 353; Kendall, Adm'r v. Clarke, 90 Ky., 178.

Appellant paid interest to Mrs. Del Vecchio, the original payee, and her heirs at the rate of eight per cent., from December 15, 1877, to April 15, 1890. Appellant paid to appellee under the new contract from April 15, 1890, to October 15, 1894, at the rate of seven per cent. Even if the interest prior to 1890 were usurious appellant did not pay it to the appellee, and, therefore, can not recover from the appellee.

Eight per cent. interest being legal when contracted for, is good until the note is paid. White's Adm'r v. Curd, 86 Ky., 191.

The fact that the maker of the note died does not reduce the rate of interest after his death. The old statute so providing was long since repealed. Fenley v. Kendall, 13 Ky. Law Rep., 836.

2. The original note bore interest "at the rate of eight per cent. per annum after maturity until paid." The question of interest depends upon the wording of the contract. Under the wording of this original contract, the principal bore interest at the rate of eight per cent. per annum until the principal was paid. Rilling v. Thompson, 12 Bush, 310; Posey v. Mayer's Adm'r, 3 Ky. Law Rep., 613; Farmers Bank of Kentucky v. Henry Co. Trust Co., 15 Ky. Law Rep., 96.

This last case is conclusive. See certified opinion appended hereto. McCrae v. Gunter's Ex'r, 14 Ky. Law Rep., 5.

3. Appellant gave a written request and statement to the appellee, stating all the facts, requesting the appellee to buy the note, and promising to pay a reduced rate of interest, and to pay it semi-annually. He is now estopped from denying that contract. Short v. Jackson, Snead, 193; Morrison v. Clay, Hardin, 431; Gerault v. Anderson, 2 Bibb., 542; Barnes v. Wise, 3 Mon., 169; Morrison v. Beckwith, 4 Mon., 73; Woolridge v. Cates, 2 J. J. M., 223; Smith v. Stone, 17 B. M., 171; McBrayers v. Collins, 18 B. M., 838; Wells v. Lewis, 4 Met., 272; Stone v. Werts, 3 Bush, 490; Foster v. Shreve 6 Bush, 530; Ferguson v. Smith, 7 Bush, 530;

Mix, Etc., v. Fidelity Trust and Safety Vault Co.

Alexander v. Ellison, 79 Ky., 148; Rudd v. Matthew, 79 Ky., 479; Crabtree v. Atchison, 93 Ky., 338.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellee, by this action, in the Jefferson Circuit Court, sought to enforce a mortgage lien on certain property to satisfy a note held by it given by Wm. Mix, husband of appellant, to Julia L. Del Vecchio, dated December 15, 1877, for nine thousand dollars, and bearing interest at the rate of 8 per cent. after maturity until paid, and due two years after date. On the note is endorsed the fact that on June 3, 1889, all interest had been paid to that date as well as $3,000 of the principal, and was that day assigned by the administrator of Mrs. Del Vecchio to her two daughters, Mrs. McDonald and Mrs. Carroll. On the note is also endorsed "April 15, 1890. For value received we hereby assign the within note to the Fidelity Trust and Safety Vault Co., without recourse on us or either of us. Interest paid to April 15, 1890," and signed by Mrs. McDonald and Mrs. Carroll, with their husbands.

The petition alleges the execution of the note and the various transfers and the payments of $3,000, as credited, and a payment of interest to appellee since it became the owner and holder up to October 15, 1894, paid in semi-annual installments at 7 per cent. per annum. Also the death of Wm. Mix, and that by will the property upon which the mortgage lien existed, was devised to appellant, Alice Mix. It is also alleged that by an agreement with Mix, in his life time and prior to April, 1878, the rate of interest was reduced from 8 to 7 per cent., which was legal rate at that time.

The answer filed pleads usury and alleges that at the maturity of the note, Mix, the payor, and Del Vecchio, the payee, entered into new contracts by which Mix executed new notes annually, from the maturity of the principal note for the interest at a rate in excess of the legal rate, to the extent of $60 per annum, and that during all the time appellee has held said note up to October 15, 1894, there has been paid thereon interest in excess of the legal rate, to the amount of $60 per annum.   And prays that said sums, because usurious, be placed as a credit on the note sued on.

This was all denied by reply—that is, the appellee denied having collected at any time interest in excess of what is allowed.

Appellant filed an amended answer, which plead payments of interest after 1878, to have been made in excess of the rate of six per cent., which amended answer was controverted of record, as a condition imposed by the court, in permitting the amendment to be filed.

Afterwards appellee filed an amended petition to conform to the proof taken in which is plead, that at the time it paid $6,000 for the note to Mrs. McDonald and Mrs. Carroll, the same was done at the instance and request of Wm. Mix, and simultaneously therewith Mix gave to appellee a certain writing filed, which reads:

"Louisville, Ky., April 18, 1890.

"Fidelity Trust and Safety Vault Co.:

"Gentlemen—At my request you have purchased from Laura McDonald and J. E. McDonald, her husband, and from Mrs. Claire Carroll and J. S. Carroll, the present owners of a

[6]

mortgage note executed by myself to Julia L. Del Vecchio on December 15, 1877, at two years, upon which there is a balance due of $6,000, as of April 15, 1890, interest prior to that time having been paid. I hereby state that I have no defense in law or equity against said note, or the payment in full of said note. I agree to pay interest at seven per cent., payable semi-annually for one year, and I further agree to accept the release of said Fidelity Trust and Safety Vault Co., as assignee of said note when paid off.

"WM. MIX."

This writing is plead as an estoppel as to any usurious interest, if any, that may have been paid prior to the purchase by appellee. It is also plead that it was expressly agreed and understood that the agreement to pay interest at 7 per cent., semi-annually, was to be but a reduction of the interest as fixed by the note, and not a new contract to pay interest in excess of legal rate.

Upon the issues thus presented proof was taken.

The court, upon hearing, found that there was no usurious interest paid appellee since it became the owner, and that if any usury was paid to other parties, that still appellant could not have the benefit thereof as a credit on the note, as against appellee, and adjudged a sale of the mortgaged premises to satisfy the debt, and from that judgment this appeal is prosecuted.

It is clearly shown that the decedent, Wm. Mix, gave the paper to appellee, but as to whether it was before, at the time of or after the purchase of the note, is not certain. The assignment is dated April 15th, while the writing of Mix is dated April 18th. However, in our opinion that is

not very material.  It does recite the fact that the appellee bought the note at his request.  It is shown that appelled paid the full face value of the note of the date of assignment.

We are of opinion that appellee having purchased the note at full value at the request and solicitation of Mix, the payor, he and his administrator and legatees, would be estopped from making defense to the note as of that date.

As to the payments of interest to appellee at 7 per cent. semi-annually, we are of opinion this is not usurious.  It is claimed there was by the writing of Mix of April 18, 1890, a new contract to pay 7 per cent. for one year only, and that this was a novation that destroyed the obligation of the note to pay 8 per cent. until paid.  If this be a new contract, which we do not concede, what would be its terms and consideration?  It would be an agreement on the part of appellee with Mix that if he pay the interest semi-annually, they will accept interest at 7 per cent. instead of exacting it at 8 per cent., as the contract stipulates.  So, if it be a new contract, its effect would not be to destroy the original one to pay interest at 8 per cent., and put the contract on an interest rate of 6 per cent., but only a modification of the first one, to the mutual benefit of both parties.

We are of opinion that the note in question, being executed when 8 per cent. interest was legal, when contracted for, by its terms, which are binding, draws interest at 8 per cent. per annum, till paid, except as it is modified by the agreement to accept 7 per cent. in semi-annual payments and that so far as this record shows, there has been no usury exacted or paid.

This view is supported by the superior court, Yost, judge, in case Farmers' Bank of Ky. v. Henry Co. Trust Co., 15 Ky. Law Rep., 96.

Finding no error, the judgment is affirmed.