## 10276

### LEWIS *ET AL.* v. DUNLAP *ET AL.*

#### (100 S. E. 170.)

1. CONTRACTS—HAVE REFERANCE TO LAW IN. FORCE AT THEIR DATE.— Every contract is made with reference to the law of force at its date.

2. USURY—NOTE BEARING 10 PER CENT. INTEREST VALID IF NOT UNLAWFUL WHEN MADE.—Parties to note calling for 10 per cent. interest could calculate interest according to such rate, notwithstanding Civ. Code 1912, sec. 2518, making such rate of interest unlawful, where note was executed prior to enactment of such statute.

3. USURY—RENEWAL, INCLUDING COMPOUND INTEREST AT 10 PER CENT., USURIOUS UNDER EXISTING STATUTE.—Although under Act December 21, 1882 (18 St. at Large, p. 35), the taking of interest upon interest at 10 per cent. per annum would have been lawful under a written contract therefor, yet where a note made while that act was in effect provided for 10 per cent. interest, but not for the payment of interest upon interest at such rate, a new note, given after the taking effect of the 1898 act (Civ. Code 1912, sec. 2518), which, in including the amount of the first note, compounded interest thereon at 10 per cent., was usurious, for, although the Act February 10, 1898 (22 St. at Large, p. 749), provides that it shall not apply to contracts made prior to March 2, 1898, compounding of interest on the old note was not provided for by any written contract made prior

to such date, and the provision of the 1898 act was not intended to sanction the making of a new contract under the 1882 act after it had been superseded by the 1898 act.

4. USURY—PAYEE OF RENEWAL NOTE SHOWN TO KNOW INTEREST COMPOUNDED AT USURIOUS RATE.—Evidence *held* to show that payee knew that interest added to new note had been compounded at illegal rate of interest by bank cashier, to whom he had handed old notes for computation of interest.

5. USURY—ON RENEWAL NOTE USURIOUS FOR COMPOUND INTEREST PAYEE COULD RECOVER SIMPLE INTEREST.—Where new note was usurious because interest on prior 10 per cent. note included in the new note was compounded at 10 per cent. without prior written agreement to pay compound interest, payee could recover simple interest on amount of old note at 10 per cent. to date of new note, for in Civ. Code 1912, sec. 2519, providing, in case of usury, such portion of the original debt as shall be due shall be recovered "without interest" or costs, the quoted words apply to interest on the second or tainted note, and not to lawful interest on the prior or untainted note.

Before SHIPP, J., Abbeville, Fall term, 1918.    Modified.

Action by Jessie J. Lewis, as executrix, and others, against Wm. C. Dunlap and others.    From judgment rendered, plaintiffs appeal.

*Messrs. Bonham, Watkins & Allen,* for appellants, cite: *As to statutory law as to usury:* Act of 1882; Act of 1877; Act of 1898; Elliott on Contracts, vol. II, sec. 964; 72 S. C. 367. *Who may plead?* Second Elliott on Contracts, sec. 961; 58 S. C. 240-245; 62 S. C. 165; 62 S. C. 178-191. *Interest of the parties:* 9 Peters 400; 57 S. C. 345; 76 S. C. 450; 68 S. C. 115; Parson on Contracts 128; 104 S. C. 368; 39 Cyc. 969; 77 S. C. 141; 122 Amer. St. Rep. 562; Second Elliott on Contracts 966; 46 Amer. St. Rep. 179; 101 Amer. St. Rep. 188; 114 Amer. St. Rep. 106; 117 Amer. St. Rep. 922; 121 Amer. St. Rep. 951. *Did the parties have a legal right to contract for compound interest on interest past due where the notes only provided for simple interest?* 31 S. C. 282; 55 S. C. 122; 100 S. C. 86; 39 Cyc. 963-939; 13 Ill. App. 15; 18 L. R. A. (N. S.) 633 and 634 (note), pp. 637-638; 33 L. R. A. (N. S.) 296, and note; 57 S. C. 341; 1

Strob. 461. *Effect of the contract being executed by taking a new note and mortgage:* 67 S. C. 553; 77 S. C. 141; 39 S. C. 175; 90 S. C. 488; 100 S. C. 84; 33 Amer. St. Rep. 512; 62 S. C. 174; 62 S. C. 178; Ann. Cas. 1913d, 266; 104 S. C. 366.

*Mr. W. N. Graydon,* for respondent, cites: *As to the transaction being suurious:* Cent's Commentaries 39 Cyc., p. 962; 72 S. C. 362; 76 S. C. 450; 30 S. C. 68; 57 S. C. 345; 9 Peter's 400; 2 Rich. 73; 2 McCord 178; 1st Srob. 461; 57 S. C. —, and cases therein cited; Acts of 1882 and 1889; 67 S. C. 553 (not in point) ; 77 S. C. 141 (not in point) ; 62 S. C. 165 and 62 S. C. 178 do not conflict with the cases cited by us. *The statutory law as to usury:* Act of 1882; Act of 1889; Act of 1898; 72 S. C. 362. *As to intent:* 68 S. C. 115; 77 S. C. 141; 57 S. C. 345; 55 S. C. 132; 100 S. C. 86. *As to the effect of giving new note and mortgage:* 39 S. C. 195-196; 104 S. C. 366; 68 S. C. 115; 46 S. E. 943; 77 S. C. 147.

August 26, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action against the administrators and heirs of W. A. Bigby to foreclose a mortgage given by him to R. A. Lewis. The defense is usury.

On November 22, 1886, Bigby gave Lewis and Morehead two notes, one for $2,871.50, due one day after date, with interest from date at 7 per cent. per annum, and the other for $600, due one day after date, with interest from date at 10 per cent. per annum. Both were lawful when given, and remained so until the subsequent transaction of 1907.

On January 11, 1907, the parties had a settlement, and Bigby gave Lewis a new note for $15,758.58, due one day after date, with interest from date at 8 per cent. per annum, payable annually, and, if not so paid, to become a part of the

principal and bear interest at the same rate until paid. It also provided for the payment of attorney's fees for collection. This note was secured by the mortgage herein foreclosed.

The amount of this new note was made up of several items. One of the items has no special bearing on the issues to be decided, and the statement of the details concerning it is omitted, because it would only serve to confuse. The other items were a store account of $1,772.68, and old note for $500, and the two notes of 1886, on which interest was compounded at the respective rates therein mentioned.

The first question is whether compounding the interest on the $600 note and adding it to the new note tainted the latter with usury. Plaintiffs specially urge two reasons why it should not have that effect. First, because the act of 1882, which was of force when the note was given, permitted the taking of 10 per cent. upon written contracts therefor. The answer is that the new contract was made after the act of 1882 (18 St. at Large, p. 35) had been superseded by that of 1898 (vol. I, Civ. Code 1912, sec. 2518), which provides that "No greater interest than seven (7) per cent. per annum shall be charged, taken, agreed upon or allowed upon any contract arising in this State for the hiring, lending or use of money, * * * except upon written contracts, wherein, by express agreement, a rate of interest not exceeding eight per cent. may be charged."

The act of 1898 (22 St. at Large, p. 749) is practically the same as that of 1882, so far as the rate allowed is concerned, except that the former allowed 10 per cent. and the latter only 8 per cent., when expressly agreed to in writing.

Every contract is made with reference to the law of force at its date. Here, then, we have the taking of interest on interest at 10 per cent. per annum without any written contract therefor, made during the time when such a contract could have been lawfully made. But it is agreed that the act of 1898 expressly provides that

it shall not apply to contracts made prior to March 2, 1898. That provision was inserted out of abundance of caution to sanction the validity of contracts made under the previous law, which were lawful when made. Hence, under that provision, it would have been lawful for the parties to have calculated the interest on the note according to its terms, for it was a lawful contract when made. .But the provision was not intended to sanction the making of a new contract, under the act of 1882, after it had been superseded by the act of 1898.

As the note did not provide for the payment of interest on interest at 10 per cent., and as there was no written agreement to that effect, while the act of 1882 was of force, the compounding of the interest at that rate in 1907 was a violation of the law in force at that time, and made the note taken, therefore, usurious.

The second ground upon which it is contended that compounding interest did not taint the transaction with usury is that it was unintentionally done. The testimony is that Lewis handed the two notes to Greer, the cashier of the Bank of Belton, and asked him to calculate the interest on them, saying one of them bore 7 and the other 10 per cent., and that Greer, of his own motion, compounded the interest, because it was customary with him to do so. He says, however, "Mr. Lewis and Mr. Bigby accepted my calculations as correct." From this and the evidence that the calculations, which showed on their face that the interest had been compounded, were attached to the notes, the Court did not err in finding that Lewis knew that the interest had been compounded. Greer was Lewis' agent, and his intention must be presumed to have been Lewis' intention, in the absence of evidence to show that what Greer did was against the intention of Lewis.

The act of 1898 (vol. I, Civ. Code 1912, sec. 2520) makes the defense available to the defendants, notwithstanding the

provision that it shall not apply to contracts made prior to March 2, 1898, because the contract of 1907 is the one to which the defense is made, and not to those of 1886.

The Court held that, under the statute (vol. I, Civ. Code 1912, sec. 2519), which provides, in cases of usury, that "such portion of the original debt as shall be due shall be recovered, without interest or costs," plaintiffs were not entitled to recover interest on the notes of 1886, according to the terms thereof up to the date of the new contract in 1907, and based that conclusion on the case of *Harp v. Chandler,* 1 Strob. 461.

The opinion in that case does not support the conclusion stated. In that case, Harp held a note which Chandler had given to Croker. It was untainted. Chandler gave Harp a new note, which the testimony tended to show included interest on the old note, calculated at an usurious rate. Judge Wardlaw, speaking for the Court, said:

"It is hard to resist the inference * * * that the note now sued on was given for the balance of a previous note, which was originally untainted by usury, but was by subsequent agreement calculated at some usurious rate of interest. If this were so, the verdict should have been (without interest and without costs) for the balance of *the amount, which,* when the second note was given, *was really due on the first note calculated at the lawful rate of interest,"* etc.

The words italicized show that the words "without interest" in the parenthesis above meant without interest as provided for in the new note, and that the amount which was really due on the first note at the date of the usurious contract included the interest thereon, calculated at the lawful rate, and that that sum was recoverable, but without costs. In other words, that that sum (the principal of the old note and lawful interest thereon) was the original debt, which could be recovered, but without costs. That idea is

expressed again further on in the opinion, at page 467, where he said:

"But the forbearance of a pre-existing debt is a new loan, and upon this principle only can excessive interest upon such forbearance be regarded as usury. The legislature prohibits usury, and directs that in all cases whatsoever only the principal sum or amount lent shall be recovered without interest or costs. The original security remains untainted, but it has been as to the original parties, superseded by a new corrupt agreement, and, *therefore, the amount lent on that new agreement,* that is, *the first principal and the lawful interest which was due when the new agreement took effect, shall be recovered,* but without interest or costs."

Again, it clearly appears, from the words italicized, that the words, "without interest," in the last clause of the sentence, refer to interest on the tainted note, and not to the lawful interest on the untainted note, which by the words italicized, is expressly included in "the amount lent on the new agreement." Again, on page 468, he says:

"Whenever, by acceptance of usurious interest, or an agreement for it once actually operating, a corrupt contract has been established concerning the debt contained in a security originally untainted, the amount really due on the day when that contract (evidently meaning the corrupt contract) commences to operate must be taken to be the principal sum from which all subsequent payments must be deducted to ascertain the balance which shall be recovered without interest and without costs."

The same principle is expressed thus in 39 Cyc. 1907:

"When usury inheres only in a renewal note given for principal and interest of a previous valid note, it is manifest from the principles hereinbefore stated that the subsequent usury cannot defeat the lender's right to recover principal and interest due on the valid note at the time of the usurious renewal."

And the case of *Harp v. Chandler* is one of those cited to sustain the text, showing that the author .interpreted that opinion correctly.

It follows that the plaintiffs. are entitled to recover (in addition to the store account and the $500 note, which have not been questioned)' the principal and interest on the notes of· 1886, calculated at the rates therein stipulated, after deducting payments made thereon, up to the date of the new note; but, as the new note was tainted with usury, by the incorporation therein of the amount due on the $600 note, calculated at an usurious rate, no further interest and no costs or attorney's fees can be collected.

The judgment of the Circuit Court is modified accordingly.

Judgment modified. _____