## BANKERS' LIFE COMPANY OF DES MOINES, IOWA, Respondent, v. HORSFALL et al, Appellants.

### (205 N. W. 714.)

(File No. 5615. Opinion filed October 28, 1925.)

1. **Costs—Attorney and Client—Assessment of Attorney Fees in Court's Discretion, Where Issue is Joined.**

   Where issue is joined in trial, assessment of attorney fees is within court's discretion, under Rev. Code 1919, Sec. 2605.

2. **Mortgages—Attorney's Fees—$250 Attorney Fees to Foreign Corporation, Suing to Foreclose Mortgage Securing $10,000 Note, Held Reasonable and Valid.**

   Allowance of $250 attorney fees to plaintiff, in action by foreign corporation to foreclose mortgage securing $10,000

note, held reasonable and valid, where issue as to plaintiff's
power to loan money on realty in state without first filing
statement constituting secretary of state its agent for service
of process was joined.

3. Insurance—Foreign Corporations—Statutes—Contradictory Pro-
visions in Earlier Statute Repealed by Later Act.

Any provisions in Civ. Code 1903, Secs. 883-885, contradic-
tory to Laws 1909, c. 210, Sec. 16, requiring foreign insur-
ance companies to file articles of incorporation in insurance
commissioner's office, were repealed by that act.

4. Insurance—Mortgages—Mortgage Securing Loan on Realty in
State by Foreign Insurance Company Not Void Under Police
Statutes.

Mortgage securing loan on realty in state by foreign insur-
ance company cannot be declared void, under Civ. Code 1903,
Secs. 883-885, which are mere police regulations, not intended
to supersede amended statute relating to banking and insurance.

5. Insurance—Foreign Corporations—Foreign Insurance Company
May Loan Money on Realty in State Without Filing Articles
of Incorporation With Secretary of State.

Foreign insurance company may loan money on real estate
in state without having filed articles of incorporation with
secretary of state, under Rev. Code 1919, Sec. 8902, as amend-
ed by Laws 1921, c. 157, Sec. 1; investment of its funds being
as much its business as writing insurance, even in absence of
express statutory authority.

6. Corporations—Ultra Vires—One Giving Mortgage as Security for
Loan by Foreign Corporation Cannot Allege That Transaction
Was Ultra Vires.

One borrowing money or otherwise incurring debt to foreign
corporation, and giving mortgage as security, is estopped to
allege that transaction was ultra vires as defense to suit to
foreclose, particularly while retaining fruits or benefits of
contract.

7. Corporations—Foreign Corporations—General Prohibition or Lim-
itation of Foreign Corporation's Right to Acquire and Hold
Land in State Does Not Affect Right to Take, Hold, and
Enforce Mortgage Thereon, Securing Debt Valid in State.

General prohibition or limitation of right of foreign corpor-
ation to acquire and hold land in state does not affect its right
to take, hold, and enforce mortgage on such land to secure a
debt valid and enforceable in state.

8. Corporations—Constitutional Law—Act Prohibiting or Limiting
Right of Foreign Corporation to Take and Enforce Mortgages
on Land in State Not Retrospective.

Statute prohibiting or limiting right of foreign corporation to take, hold, and enforce mortgages on land within state will not act retrospectively, and non-compliance therewith by such corporation will not prevent it from foreclosing mortgage executed before its enactment.

Appeal from Circuit Court, Moody County; HON. JOHN T. MEDIN, Judge.

Action by the Bankers' Life Company of Des Moines, Iowa, against Maude M. Hrosfall, as executrix of the last will and testament of Allen L. Horsfall, deceased, and others. Judgment for plaintiff, and defendants appeal. Order denying new trial affirmed.

*Warren & Lloyd,* of Flandreau, and *Danforth & Barron,* of Sioux Falls, for Appellants.

*Lewis Benson,* of Flandreau, for Respondent.

(2)  To point two of the opinion, Appellant cited: Hawley v. Howell, 14 N. W. 119; Sawyer v. Perry, 17 N. W. 497; Danforth v. Charles et al, 1 Dak. 273.

Respondent cited: Graves v. Burch, 5 A. L. R. 1216; Baldwin v. Carlton, 15 La. 394; Larscheid v. Hashek, 125 N. W. 442; Fruth v .Bolt, 39 S. D. 371.

(5)  To point five, Appellant cited: Peoples Building, Loan & Savings Association v. Kidder (Kan.), 58 Pac. 799; Martin v. Bankers Trust Company, 18 Ariz. 63; State v. Bristol Savings Bank (Ala.), 54 A. S. R. 142; Tripp State Bank of Tripp v. Jerke, 45 S. D. 448, 188 N. W. 314; Bishop & Babcock Co. v. Schleuming, 20 S. D. 71; Bradley, Met calf & Co. v. Armstrong, 9 S. D. 267; Brewing Co. v. Piemeisl, 88 N. W. 441; Acme Mercantile Agency v. Rochford, 10 S. D. 203.

Respondent cited: Walters Co. v. Hahn, 43 S. D. 153; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 29 L. ed. 1137; Barnett v. Aetna Explosive Co., 220 Pac. 874; Scruggs v. Scottish Mortgage Co., 54 Ark. 566; Charter Oak L. Ins. Co. v. Sawyer, 44 Wis. 387.

DILLON, J.  Prior to December 20, 1916, Maude M. Horsfall and her husband, Allen L., negotiated a real estate loan through the Security Bank of Pipestone, Minn. This bank was incorporated under the laws of Minnesota in 1909. A promissory note in the amount of $10,000, and a real estate mortgage to se-

cure that note were made out at the Security Bank of Pipestone, by its officers, which note and mortgage were executed and delivered by the Horsfalls to the Pipestone bank. The mortgage was acknowledged before a notary public at Flandreau, this state. The note and mortgage were then delivered by the Horsfalls to the said Pipestone bank, and the $10,000 in money was paid by that bank to the Horsfalls. The mortgage was recorded on December 23, 1916. This note was later sold and indorsed to the plaintiff by the Security Bank of Pipestone, Minn., and the mortgage securing said note was assigned to plaintiff on February 7, 1917. Before the commencement of this action, Allen L. Horsfall died. No part of the $10,000 received by the Horsfalls as the proceeds of this loan was ever paid back, and this action is to foreclose the mortgage. The record shows that on March 8, 1917, Maude M. Horsfall and husband, Allen L., conveyed all of the mortgaged premises by warranty deed to Fred Walton, Ernest Walton, and Luta Walton; that on February 25, 1919, the Waltons conveyed all of the mortgaged premises to Tom Campbell; that on March 2, 1920, Campbell and wife conveyed said premises to J. E. Johnson; that on the same date J. E. Johnson and wife conveyed said premises to Ole B. Simons and Walter E. Simons. All of these conveyances were subject to the mortgage in question, and were recorded in the office of the register of deeds of Moody county, this state. The record shows that on December 14, 1923, Ole B. Simons and Walter E. Simons, both unmarried, conveyed said mortgaged premises to C. E. Duffus, by quitclaim deed, and that Duffus does not claim adversely to plaintiff's mortgage; that the defendants Simons were adjudicated bankrupts after the commencement of this suit and before the trial hereof, and are not now in any manner interested in this suit. The respondent in open court waived all claims to a personal judgment against all of the defendants, and on the trial had judgment and findings in its favor and a decree and order of sale of the premises. It is from such findings and judgment appellants now appeal.

The appellants contend that there is a want of legislative power authorizing foreign corporations to loan money on real estate in this state, without first having complied with the statute requiring foreign corporations to file a statement in writing, constituting the secretary of state its agent for the service of process.

Respondent claims that the statutes pertaining to foreign corporations, in force at the time this mortgage was given, give complete and ample power, both expressed and implied, to foreign corporations to advance and loan money and to take mortgages and trust deeds thereon.

Appellant has assigned some thirteen assignments of error, and we will endeavor to take them up in the order given.

Assignment No. 1—appellants claim that the court erred in making its finding of fact No. 1. We think this assignment should be overruled and the finding of fact No. 1 sustained, for the reason that there is ample evidence to prove the incorporation of the Security Bank of Pipestone, Minn.  Miller v. N. P. Ry. Co., 18 N. D. 19, 118 N. W. 344, 19 Ann. Cas. 1215.

Assignment No. 2 should be overruled, and finding of fact No. 2 sustained, for the reason that there is sufficient evidence to prove that the defendant was a holder in due course of the note, notwithstanding the quite evident clerical error, which shows that the note was not assigned until March 7, 1923.

Assignments Nos. 3, 4, 7 should all be overruled, since they all pertain to the same argument as the assignments Nos. 1 and 2.

Assignment No. 5 should be overruled, for the reason that no evidence relating to the bankruptcy proceedings of defendants Simons was submitted upon the trial.  Eyster v. Gaff, 91 U. S. 521, 23 L. ed. 403; Thatcher v. Rockwell, 105 U. S. 467, 26 L. ed. 949.

[1, 2]  Assignments Nos. 6 and 8 should be overruled, for, where an issue is joined in a trial, the assessment of attorney fees is within the discretion of the court.  Section 2605, R. C. 1919; Fruth v. Bolt, 39 S. D. 371, 164 N. W. 270.  There was an issue joined in this case, and we think the allowance of $250 attorney fees must be held to be a reasonable and valid allowance.

Assignment No. 9 should be overruled.  It is covered by the same argument as assignments Nos. 1, 6, 8.

Assignments Nos. 10, 11, 12, 13 have been examined separately, and have been found to be without merit.

[3, 4]  Chapter 210, Laws of 1909, § 16, provides that all foreign insurance companies shall file their articles of incorporation in the office of the insurance commissioner.  Section 691, C.

C. 1903, provides that such insurance companies shall appoint an attorney in this state upon whom legal process may be served, and, if they fail to appoint such attorney, process may be served on the insurance commissioner. Section 8902, R. C. 1919, as amended by chapter 157, Laws of 1921, contains the present law as to foreign corporations, other than those exempt, filing copy of their articles of incorporation in the office of the secretary of state, thus establishing such officer its agent for the service of process. Section 9182, R. C. 1919, provides for the appointment of the insurance commissioner as the resident agent for all insurance companies doing business in the state. If any of the provisions in sections 883, 884, 885, C. C. 1903, were contradictory to the 1909 enactment, such provisions were repealed by that act. Wright v. Lee, 2 S. D. 596, 51 N. W. 706; Root et al v. Sweeney, 12 S. D. 43, 80 N. W. 149. Sections 883, 884, 885, R. C. 1903, must be held to be mere police regulations and were not intended to supersede the amended statute relating to banking and insurance. A mortgage cannot be declared void under these police statutes.

[5, 6] In their argument, appellants claim that respondent was not authorized to invest its funds in the note and mortgage in this suit, that it was only authorized to do an insurance business in this state, and so could only write and issue insurance policies and collect premiums. The investment of the funds of an insurance company is as much its business as the writing of insurance, and that is one of the necessary incidental powers of such companies, even in the absence of express statutory authority. It is evident that the Legislature never intended that any attempt of an insurance company to loan money on real estate in this state, without first having filed articles of incorporation with the secretary of state, "must be held void." 14A. C. J. 1323:

"And where one borrows money from a foreign corporation, or otherwise incurs a debt to it, and gives a mortgage as security, he cannot defend a suit to forecolse on the ground that the transaction was 'ultra vires.'"

[7, 8] It was to the advantage of the defendants herein to make such loan, and they are—

"estopped from their own contract or conduct from setting up, as a defense to an action to enforce the contract, that it was beyond the power of the corporation to make it, particularly while

retaining the fruits or the benefits of the contract." 14A C. J. 1420.

"The right of a corporation to take, hold, and enforce mort gages on land situated in a foreign state, may, of course, be prohibited or limited by express statutory enactments or by the settled public policy of the domestic state otherwise manifested. But a general, prohibition or limitation of the right to exercise the power to acquire and hold land does not prohibit or limit the right of a foreign corporation to take, hold, and enforce a mortgage given to secure a debt valid and enforceable within the state in which the land is situated. * * * In any event, a statute which prohibits or limits the right of foreign corporations to take, hold, and enforce mortgages on land situated within the domestic state will not act retrospectively, and the fact that a foreign corporation has not complied with the requirements of such a statute will not prevent it from foreclosing a mortgage executed and taken prior to its enactment." 14A C. J. 1322.

. 19 Cyc. 1289:

"Upon the question of whether the failure of a foreign corporation to comply with the restrictive statutes, such as those under consideration, before undertaking to do business in the domestic state, will render its contracts, made with the citizens of that state, void and voidable, the decisions are in a state of irreconcilable contradiction."

In view of this conflict, we think the better rule to follow would be to declare the plaintiffs estopped from asserting the invalidity of the contract. This would be more consistent with fair and honorable dealings. To permit the confiscation of the moneys involved in this loan would constitute an immoral act, and ought not to be permitted by the court.

The order of the lower court denying and overruling a motion for a new trial is affirmed.

POLLEY, P. J., and SHERWOOD, GATES, and CAMPBELL, JJ., concur in result.

Note.—Reported in 205 N. W. 714. See, Headnote (1), American Key-Numbered Digest, Costs, Key-No. 172, 15 C. J. Sec. 249; (2) Mortgages, Key-No. 581(5), 27 Cyc. 1785; (3) Insurance, Key-No. 4, 32 C. J. Sec. 24; (4) and (5) Insurance, Key-No. 24, 32 C. J. Sec. 21; (6) Corporations, Key-No. 388(5), 14a C. J. Sec. 2172; (7) Corporations, Key-No. 656, 14a C. J. Sec. 4028; (8) Corporations, Key-No. 641, 14a C. J. Sec. 4028.