## METROPOLITAN LIFE INS. CO. v. WHITESTONE MANAGEMENT CO. et al.

## DRAKE et al. v. METROPOLITAN LIFE INS. CO.

### No. 13146.

District Court, N. D. Illinois, E. D.

July 23, 1934.

Hoyne, O'Connor & Rubinkam, of Chicago, Ill., for Metropolitan Life.

Winston, Strawn & Shaw, of Chicago, Ill., for Receiver.

Kirkland, Fleming, Green & Martin, of Chicago, Ill., for W. G. N., Inc.

Israel S. Berkman, of Chicago, Ill., for Porstelain Chicago Company.

Sims, Stransky & Brewer, of Chicago, Ill., for the Drakes.

WILKERSON, District Judge.

The complaint in this case is by the Metropolitan Life Insurance Company to foreclose an indebtedness in the amount of $4,000,000, secured by a trust deed made by the Whitestone Company, a corporation, to Chicago Title & Trust Company, as trustee, on March 3, 1926, conveying the premises and buildings known as the Drake Hotel, in the city of Chicago.

Tracy C. Drake, Mrs. Annie Drake, Helen Drake, John B. Drake, Mrs. Jessica Drake, Katherine Drake, and Elizabeth Drake, who are among the defendants named in the suit to foreclose, by an answer in the nature of a cross-bill filed in the cause, asserted various defenses and claims. The issues raised by said cross-bill were referred to Master in Chancery Jacob I. Grossman, and, after full hearings, the master filed his report and supplement thereto, recommending, among other things, that the cross-bill of the Drakes be dismissed for want of equity. Exceptions to said master's report and supplement thereto have been filed on behalf of the Drakes, and, after considering the same with the aid of briefs filed by counsel for both sides, it seems to me unnecessary to notice any of the points and claims made by the cross-complainants, except their point to the effect that the complainant's note and mortgage are void and unenforceable because, at the time of the transaction resulting in the making of said note and mortgage, the complainant was not licensed in Illinois pursuant to the provisions of the General Corporations Act of Illinois relating to the licensing of foreign corporations (Smith-Hurd Rev. St. Ill. 1931, c. 32, § 80 et seq., Cahill's Ill. Rev. Stats. 1931, c. 32, par. 80 et seq.).

The complainant is a corporation organized under the laws of the state of New York, for the purpose of engaging in the business of making insurance contracts upon the lives and health of persons and every insurance appertaining thereto. Since many years prior to 1928, the complainant made its annual reports to, and procured annual licenses from, the Department of Trade and Commerce of the State of Illinois to transact its business of life and health insurance in this state. These licenses have been procured pursuant to the Illinois laws relating specifically to foreign life insurance companies (Smith-Hurd Ann. St. c. 73, § 205 et seq., Cahill's Illinois Rev. Stats. c. 73, par. 315 et seq.), and complainant has complied with all of such statutes relating to life insurance companies. The complainant has, during these many years, invested portions of its surplus funds in loans made upon the security of mortgages of real estate in the state of Illinois. The contention of the cross-complainants is that the making of these investments and loans by the complainant, including the loan sought to be foreclosed, is engaging in the investment and loan business in the state of Illinois, and that, in order to engage in such business lawfully, the complainant is required to qualify and obtain a license under the provisions of the General Corporations Act. The complainant contends, on the other hand, that its license to do its insurance business in the state of Illinois carries with it, as an incident to such business, the right to invest its surplus funds in Illinois.

The provisions relating to the admission and licensing of foreign corporations contained in the Illinois General Corporations Act expressly relate only to foreign corporations other than "banking, insurance, building and loan and surety companies." Smith-Hurd Rev. St. c. 32, § 80. It is obvious, therefore, that, as to its insurance business, the Metropolitan Life Insurance Company was not required to, and, in fact, could not, procure any license under the General Corporations Act. On the other hand, the Metropolitan Life Insurance Company has no charter power to engage in the investment and loan business, except as the same may be incident to the insurance business. It is equally obvious that said complainant, having no power under its charter to engage in the investment and loan business, could not properly obtain a license to do that business in the state of Illinois as a business separate from its insurance business. From the fact that the complainant, Metropolitan Life Insurance Company, has no express corporate purpose for investment and loaning of money, it is plain that it could not possibly have the power to transact a business of that character, either in Illinois or in New York, where the corporation was created, or elsewhere, and that its rights in the matter of loaning money are confined to the lending of its funds in furtherance of and as incidental to its expressed corporation purpose, to wit, insurance. I am of the opinion that, where a corporation is empowered by its charter to do such an insurance business, the expressed charter power carries with it as a necessary incident the right of the corporation to invest its funds in connection with the business. If this were not so, then the insurance companies domestic to Illinois, and whose charters, as a matter of general knowledge, do not expressly provide for the investment of such funds, would themselves be doing acts ultra vires in

making such investments. The theory of all insurance business contemplates that the moneys received from premiums shall be invested and reinvested by insurance companies for the purpose of building up required reserves to take care of their policy contract obligations. The investment and reinvestment of such funds is not only an incident of such a business, but would seem to be an indispensable requirement—so much so that every state in the union has its statutes expressly regulating the character of such investments by insurance companies for the better protection of the interests of the policyholders.

Among the cases cited by counsel, I find but one bearing directly upon the point in question. In the case of Bankers' Life Co. of Des Moines v. Horsfall, 48 S. D. 629, 205 N. W. 714, 716, an Iowa insurance company was foreclosing a mortgage upon real estate made and executed in South Dakota and conveying South Dakota lands. It appeared that the Iowa insurance company was licensed under the South Dakota statutes relating to such companies, but had not complied with the general corporation laws of the latter state relating to foreign corporations, and the same point now made by cross-complainants was there asserted. In disposing of it, the court said: "In their argument, appellants claim that respondent was not authorized to invest its funds in the note and mortgage in this suit, that it was only authorized to do an insurance business in this state, and so could only write and issue insurance policies and collect premiums. The investment of the funds of an insurance company is as much its business as the writing of insurance, and that is one of the necessary incidental powers of such companies, even in the absence of express statutory authority. It is evident that the Legislature never intended that any attempt of an insurance company to loan money on real estate in this state, without first having filed articles of incorporation with the secretary of state, 'must be held void.'"

I agree with the conclusion of the court in this South Dakota case, and deem it unnecessary to discuss other arguments which counsel for complainant advance in support of their contention that complainant was not required to obtain a license under the Illinois General Corporations Act.

The answer, in so far as the same is on the nature of a cross-bill, will therefore be dismissed for want of equity.