## WINTER et ux. v. PRUDENTIAL INS. CO. OF AMERICA.

No. 26777. March 30, 1937.

S. A. Horton, for plaintiffs in error.

A. K. Little, for defendant in error.

CORN, J. This action was commenced in the district court of Oklahoma county by the Prudential Insurance Company of America, a corporation, against Frederick R. Winter, and Dora T. Winter, husband and wife, to recover judgment on a promissory note and to foreclose a mortgage on real estate security. The defendants' answer to the petition was an unverified general denial, and it was further alleged that said corporation was lending money in this state without having filed a copy of its articles of incorporation and written designation of a service agent in the office of the Secretary of State, or a list of its stockholders, officers, and directors and designation of a service agent in the office of the Corporation Commission of the state of Oklahoma. A demurrer to these affirmative allegations was sustained.

The note and mortgage were introduced in evidence and the payment of taxes by the mortgagee established as alleged; a demurrer to plaintiff's evidence was overruled; the defendants offered no evidence, and judgment was rendered for amount sued for and for foreclosure of the mortgage. Motion for new trial was overruled, and the defendants appeal.

The only question involved in this appeal is whether the Prudential Insurance Company of America must file a copy of its articles of incorporation and written designation of a service agent in the office of the Secretary of State and whether it must file a list of its stockholders, officers, and directors and written designation of a service agent in the office of the Corporation Commission of Oklahoma in order to lend its money and foreclose its mortgages in this state.

This question has been decided by this court adversely to the contention of the plaintiffs in error in the cases of Carlin v. Prudential Insurance Company of America, 175 Okla. 398, 52 P. (2d) 721, and Central Life Assurance Society v. Tiger, 177 Okla.

490

108, 57 P. (2d) 1182. In the Carlin Case, supra, we held:

"Under the state insurance law (section 10474, O. S. 1931), a foreign insurance company, before it can legally transact business here, is required to perform approximately the same acts as are required of corporations generally by sections 9738, 130, and 131, supra, except the insurance company deals with the State Insurance Commissioner instead of the Secretary of State. The statutes governing insurance companies and the general statutes governing foreign corporations accomplish the same general purpose. By complying with the provisions of the special statute, the plaintiff has fulfilled the intended purpose of the other. To require plaintiff to comply with the provisions of both the general and special statutes would subject it to duplicate burdens, and would serve no constructive purpose. * * *

"When the Legislature placed foreign insurance companies under the control and supervision of the Insurance Commission, it was not intended that such companies should be subjected to the general laws relating to the admission of foreign corporations into the state. See John Hancock Mutual Life Ins. Co. v. Lookinbill, 218 Iowa, 373, 253 N. W. 604."

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and GIBSON, JJ., concur.