(No. 6912. October 31, 1941)

THE UNION CENTRAL LIFE INSURANCE COMPANY, a corporation, Respondent, v. CONRAD RAHN and CATHERINE EMMA RAHN, husband and wife, Appellants.

(118 Pac. (2d) 717)

R. W. Beckwith, for Appellants.

Eugene H. Anderson and Merrill & Merrill, for Respondent.

GIVENS, J.—Appellants resist the foreclosure by re-

spondent of its mortgage on land owned by appellants, on the grounds the mortgage and notes securing it are usurious, in that they provide for compound interest, *i. e.*, interest on past due interest, and that respondent is a foreign corporation not qualified to loan money in Idaho.

The notes did provide for interest on past due interest, but this court has held that it is what interest is paid, not what is contracted or asked, which governs under 26-1906 I. C. A. (*United States Building & Loan Association v. Lanzarotti*, 47 Idaho 287, 274 Pac. 630; *Easton v. Butterfield Live Stock Co.*, 48 Ida. 153, 279 Pac. 716; *Eagle Rock Corp. v. Idamont Hotel Co.*, 59 Ida. 413, 85 Pac. (2d) 242.)

Section 26-1905 I. C. A., prior to the amendment thereof by Chapter 197 of the 1933 Session Laws, page 390, the mortgage being executed January 24, 1930, governs the permissible rate, which was 10%. (*Brunswick Realty Co. v. University Inv. Co.*, 43 Utah 75, 134 Pac. 608; *Adams v. Shirk*, 117 Fed. 801; *Culver v. Cougle*, 165 Ill. 417, 46 N. E. 242; *Abner v. York*, 19 Ky. L. 643, 41 S. W. 309; *Mix v. Fidelity Trust & Safety-Vault Co.*, 103 Ky. 77, 44 S. W. 393; *Mastin v. Cochran's Ex'r.*, 25 Ky. L. 717, 76 S. W. 342; *Lewis v. Dunlap*, 112 S. Car. 544, 100 S. E. 170.)

The sixth covenant in the mortgage is as follows:

"Sixth. In case of failure to pay the taxes, assessments, charges, liens, costs, expenses, attorney's fees, water, reservoir or ditch dues, rents or assessments, as aforesaid, or to effect said insurance, the mortgagee may pay the same, and effect such insurance. The amounts so paid shall be due and payable, at the option of the mortgagee, with interest at the rate of ten per cent. per annum and reasonable attorney's fees incurred in the collection thereof, and such amounts shall be secured hereby."

A careful computation discloses no interest in excess of 10% on the principal of the notes and mortgage and advances admittedly proper for taxes, insurance, etc., was prayed for in respondent's complaint or allowed in the judgment.

 Appellants admit respondent has at all times complied with sections 40-501 to 40-513 I. C. A., but contend this authorized it to do only an insurance business, and, not having complied with sections 29-501 to 29-508, could not engage in the business of loaning money.

Article 11, section 10,[1] of the Idaho Constitution, establishes the basic requirement permitting foreign corporations to do business in this state. Section 40-502[2] requires as compliance with the above that insurance companies designate the commissioner of finance as their agent for service of process. Ada County would, as his official residence, then be the principal place of business in the state for service of process on insurance companies. (65-101 and 65-2402 I. C. A.) Section 29-501[3] requires

[1] "Sec. 10. Regulation of foreign corporations.—No foreign corporation shall do any business in this state without having one or more known places of business, and an authorized agent or agents in the same, upon whom process may be served; and no company or corporation formed under the laws of any other country, state, or territory, shall have or be allowed to exercise or enjoy, within this state any greater rights or privileges than those possessed or enjoyed by corporations of the same or similar character created under the laws of this state."

[2] "40-502. Appointment of commissioner as legal agent.—No foreign insurance company shall, directly or indirectly, issue policies, take risks or transact any business in this state until it shall have first appointed, in writing, the commissioner of finance and his successor in office to be the true and lawful attorney for such company in and for this state upon whom all lawful process in any action or proceeding against the company may be served. Said power of attorney shall stipulate and agree upon the part of the company that any lawful process upon the company which is served upon said attorney shall be of the same legal force and validity as if served upon the company, and that the authority shall continue in force so long as any liabilities remain outstanding against the company in this state. A certificate of such appointment, duly certified and authenticated, shall be filed in the office of the department of finance, and copies certified by the commissioner of finance shall be deemed sufficient evidence, and service upon such attorney shall be deemed sufficient service upon the principal: provided, that every foreign insurance company fully complying with the provisions of this section shall be exempt from complying with the provisions of sections 29-501 to 29-508."

[3] "29-501. Filing of evidence of incorporation.—Prerequisite to doing business.—Every corporation not created under the laws of this state must, before doing business in this state, file for

general foreign corporations to designate an agent and place of business in the state. Section 40-502 is as much compliance with the constitution as 29-501, hence no constitutional question is involved.

Appellant argues that the clause in 40-502 relieving insurance companies from complying with sections 29-501 to 29-508 applies only to insurance business and not to such a company engaged in loaning money, and adverts to fees required by 29-603. The license fees paid by insurance companies under 40-804 are comparable with those required under 29-603, hence there is nothing to indicate the legislature meant to require both; furthermore, the statutes expressly countenance, sanction, and make certain concessions to insurance companies loaning money in this state (sections 40-808[4] and 40-606[5] I. C. A.)

record with the secretary of state a copy of the articles of incorporation of said corporation, duly certified to by the secretary of state of the state in which said corporation was organized, or such other legal custodian of the corporation records of said state as is qualified under its laws to make such certified copy, and file for record a copy of such articles of incorporation, duly certified by the secretary of state of this state and bearing the indorsement of the fact and time of filing for record in his office, in the office of the county recorder of the county in this state in which is designated its principal place of business in this state."

[4] "40-808. Reduced tax for company making local investments.— Any insurance company transacting business in this state having more than fifty per cent of its assets invested in bonds or warrants of this state, or bonds or warrants of any county, city or district within this state authorized by law to be issued, or in taxable property within this state, or in first mortgages upon improved, unencumbered real estate within this state, shall pay a tax of one per cent upon the premiums collected in this state on risks located in this state, in lieu of the tax provided in the preceding sections."

[5] "40-606. Restrictions on real estate holdings.—Insurance corporations transacting business in this state may purchase, hold and convey real property only for the following purposes and in the following manner:

1. The building in which it has its principal office and the land upon which it stands.

2. Such as shall be requisite only for its convenient accommodation in the transaction of its business.

3. Such as shall have been acquired for the accommodation of its business.

4. Such as shall have been mortgaged to it in good faith by way of securities for loans previously contracted or for moneys due.

which thus recognize that loaning money is a concomitant part of the business of an insurance company.

Since *State v. Union Central Life Insurance Co.*, 8 Ida. 240, 67 Pac. 647, was decided, the pertinent statute was amended and changed by section 40-502, relieving insurance companies from complying with 29-501 to 29-508, and insurance companies are not restricted to the insurance business as distinguished from loaning money.

Under statutes sufficiently similar to ours to make them in point all the decisions of other courts we have found have uniformly held compliance with the insurance statute obviates compliance by an insurance company, though engaged in loaning money, with the general corporation statutes, and appellants have cited none to the contrary. In *Bankers' Life Co. of Des Moines, Iowa, v. Horsfall*, 48 S. Dak. 629, 205 N. W. 714, which was an action to foreclose a mortgage, the supreme court of South Dakota said:

5. Such as shall have been conveyed to it in satisfaction of debts previously contracted in the course of its dealings.

6. Such as shall have been purchased at sales upon judgments, decrees and mortgages obtained or made for such debts.

All such real property specified in subdivisions 3, 4, 5, and 6 of this section as shall not be necessary for its accommodation in the convenient transaction of its business, shall be sold and disposed of within five years after the same shall have ceased to be necessary for the accommodation of its business, and it shall not hold such property for a longer period unless it shall procure a certificate from the department of finance that its interests will suffer materially by the forced sale thereof, in which event the time for the sale may be extended to such time as the department shall direct in such certificate.

No real property shall be acquired by any domestic life insurance corporation under subdivisions 1 or 2 hereof, and no real property within the state shall be acquired under subdivision 2 hereof, except with the approval of the department of finance.

No real property shall be disposed of by any domestic life insurance corporation and no real property shall be disposed of by any foreign life insurance company by exchange for other real property hereafter substituted as a consideration of the transfer in whole or in part, unless the acquisition of the land shall be requisite for the convenient accommodation of the corporation in the transaction of its business, and shall be approved by the department of finance, or, if a foreign company, the insurance commissioner of the company's home state."

"In their argument, appellants claim that respondent was not authorized to invest its funds in the note and mortgage in this suit, that it was only authorized to do an insurance business in this state, and so could only write and issue insurance policies and collect premiums. The investment of the funds of an insurance company is as much its business as the writing of insurance, and that is one of the necessary incidental powers of such companies, even in the absence of express statutory authority. It is evident that the Legislature never intended that any attempt of an insurance company to loan money on real estate in this state, without first having filed articles of incorporation with the secretary of state, 'must be held void.'"

And in *Metropolitan Life Ins. Co. v. Whitestone Management Co.*, (N. D. Ill.) 8 F. Supp. 516, the insurance company had complied with the Illinois statutes relating to life insurance companies but had not qualified under the general corporations act. The court stated:

"* * * its rights in the matter of loaning money are confined to the lending of its funds in furtherance of and as incidental to its expressed corporation purpose, to wit, insurance. I am of the opinion that, where a corporation is empowered by its charter to do such an insurance business, the expressed charter power carries with it as a necessary incident the right of the corporation to invest its funds in connection with the business."

The Circuit Court of Appeals, Second Circuit, affirmed the opinion of the district court in 77 Fed. (2d) 255. The supreme court of Iowa, in *John Hancock Mut. Life Ins. Co. v. Lookingbill*, 218 Iowa 373, 253 N. W. 604, another foreclosure action, held as follows:

"The insurance company in this case having complied with the requirements of the statutes covering the securing of a permit from the insurance commissioner, having paid to the insurance commissioner the fees therein demanded, to wit, 2½ per cent. of the premiums collected by said insurance company, having designated a process agent, and having been issued a permit to do business in the state of Iowa by the insurance commissioner, had a

right to do business, and it was not necessary that they secure a permit from the secretary of state.

Judgment and decree (of foreclosure) of the lower court must be and it is hereby affirmed."

The Oklahoma supreme court in *Carlin v. Prudential Ins. Co. of America,* 175 Okla. 398, 52 Pac. (2d) 721, made the following statement:

"The statutes governing insurance companies and the general statutes governing foreign corporations accomplish the same general purpose. By complying with the provisions of the special statute, the plaintiff has fulfilled the intended purpose of the other. To require plaintiff to comply with the provisions of both the general and special statutes would subject it to duplicate burdens, and would serve no constructive purpose."

To the same effect see also *Central Life Assur. Soc.* (Mutual) *v. Tiger,* 177 Okla. 108, 57 Pac. (2d) 1182; *Winter v. Prudential Ins. Co. of America,* 179 Okla. 489, 66 Pac. (2d) 514; *State v. Prudential Ins. Co. of America,* 180 Okla. 191, 68 Pac. (2d) 852.

This court has held in line with the above though not on the precise situation herein. (*American Surety Co. v. District Court,* 43 Ida. 589, 254 Pac. 515.)

The trial court properly found in favor of respondent. The judgment is affirmed. Costs to respondent.

Budge, C.J., and Morgan, Holden and Ailshie, JJ., concur.