## Levis *v.* New York Life Insurance Company et al.

Argued November 10, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John S. McConaghy*, with him *John H. Archer*, for plaintiff.

*Yale L. Schekter*, with him *Mark Willcox, Jr.* and *MacCoy, Brittain, Evans & Lewis*, for defendant.

*Ralph B. Umsted*, Deputy Attorney General, with him *T. McKeen Chidsey*, Attorney General, for Commonwealth, intervening defendant.

*Abraham L. Freedman*, for Philadelphia Housing Association, amicus curiæ.

OPINION BY MR. JUSTICE LINN, November 26, 1947:

We took original jurisdiction of this suit against the New York Life Insurance Company, a corporation of the State of New York. In his bill plaintiff averred that certain classes of business transactions which the defendant proposed to conduct in Pennsylvania would be ultra vires and therefore harmful to him and other policy-holders. He asked that defendant be restrained from engaging in such transactions in Pennsylvania on the ground that they were prohibited by Article XVI, section 6, of the constitution providing, "No corporation shall engage in any business other than that expressly authorized in its charter, nor shall it take or hold any real estate except such as may be necessary and proper for its legitimate business."

The defendant filed an answer. No facts are in dispute. The attorney general appeared on behalf of the commonwealth. According to the record, the defendant has complied [1] with the requirements of the law of this

---

[1] Article IV, section 401, of The Insurance Company Law of 1921, P L. 682, 40 PS 501.

commonwealth governing the transaction of business by foreign insurance companies. In his bill, plaintiff refers to two statutes passed at the last session of the legislature and approved by the Governor on May 9, 1947, Acts No. 92 and No. 93,[2] P. L. 200, 201, as the statutes on which defendant relies. Act No. 93 granted to domestic insurance companies enlarged powers of investment. Act No. 92[3] extended those powers to foreign insurance companies authorized to transact business in Pennsylvania.

The proposed transactions, alleged to be ultra vires, are described in the bill as follows: That defendant proposes to use "corporate assets, as an investment for the production of income, for one or more of the following purposes:

"a. To purchase, lease and own Pennsylvania real estate and interests therein, for the purpose of maintenance, or construction and maintenance, of housing projects consisting of apartment, tenement or other dwelling houses, some of which projects include accommodations for retail stores, shops, offices and other community services reasonably incidental thereto;[4]

"b. To purchase, lease and own Pennsylvania real estate and interests therein, for the purpose of renting said real estate or interests therein for business, commercial or industrial use, and for the development, improvement, maintenance, or construction and maintenance of such real estate and interests therein for such purpose."[5]

We accept the fact, stated in the record, that "authority to enter into such transactions is conferred upon

---

[2] Amending sections 404, 405, 406 of the Insurance Company Law of 1921, P. L. 682, 40 PS 504, 505, 506.

[3] Amending section 341 of the Insurance Company Law of 1921, P. L. 682, 40 PS 463.

[4] See section 406 (e) of the Insurance Company Law of 1921, P. L. 682, as amended, 40 PS 505.

[5] See section 406 (f) of the Insurance Company Law of 1921, P. L. 682, 40 PS 506.

·the defendant· by the·Insurance Laws of the .State of New York." ,

The proposed·transactions are·among those expressly .authorized ·by Act No. 93,· P.: L. 201. Act .No. 92, 1947, P.. L.: 200, provides: "Section 341. Power of Foreign Insurance·Companies, Et Cetera, With Regard to Real Estate · and Certain. Other Property.—Any. foreign .or alien· insurance company, joint stock··company, or asso- ·ciation, authorized to transact business within this Com- monwealth may acquire, hold, mortgage, lease, and trans- fer· real· property, or any interest ·therein in this .Com- .monwealth, enter into· agreements with : one or more . other insurance, companies authorized to do business in this Commonwealth, whereby the companies to : such agreements shall participate in ownership management . and ·control of real estate held by. such company, or by a corporation· whose stock is held by such company, and may. invest in the ·capital stock and obligations of cor- porations organized ·for. the purpose of acquiring· real .estate ·in this Commonwealth, ·or .interests therein, in the same .manner and subject to· the same limitations as provided . in this. act for. domestic insurance com- panies . . ." :

It is therefore clear that· the legislature of Pennsyl- vania has conferred on ·such corporations power to do the challenged acts. The next inquiry is· whether these statutes are repugnant to the constitutional provision quoted· above.

The contention on behalf of plaintiff is (1)· that the exercise of .the· powers granted by· these enabling acts ,would violate that portion of the constitutional· provision that "No corporation shall. engage in any business other than that expressly authorized in its. charter"; .and (2) that the statutes are repugnant to Article III, section 7, of the constitution prohibiting the enactment of "any local or special law . . . granting to any corporation, association or individual any special or exclusive privi- lege or immunity."

1. The defendant is engaged in the life insurance business, which, as the record states, is the business it is expressly authorized by the law of New York to transact. We may assume, for present purposes, that everybody understands in a general way what is meant by the term life insurance business. Plaintiff's principal suggestion seems to be that defendant, by engaging in the proposed transactions, would cease to be an insurance company and would become a real estate company. We must reject the suggestion which appears to result from an inadmissible view of the use and meaning of words, a misunderstanding which we may not attribute to the legislature. It is common knowledge that the life insurance business is necessarily concerned with innumerable transactions involving every conceivable kind of property and interests in property; these may all be dealt with in their necessary and proper relation to life insurance business within the limitation specifically [6] stated in the statute without crossing the line separating a life insurance from a real estate business. The legislature's definition of what may constitute the life insurance business is not to be lightly set aside as repugnant to the constitution: compare *York Haven W. & P. Co. v. Pub. Ser. Com.,* 287 Pa. 241, 248, 134 A. 419.

The bill avers and the answer admits that during 1946 the defendant had available for investment the sum of $385,887,000 and that during the first nine months of 1947 the sum of $342,609,000. It requires no argument to show that investment is an essential part of the business of a life insurance company [7] and that the

---

[6] Sec. 406.1 contains restrictions on the investment authority.

[7] Compare *Central Life &c. Society v. Tiger,* 177 Okl. 108, 111, 57 P. 2d 1182; *Union Central Life Ins. Co. v. Rahn,* 63 Ida. 243, 118 P. 2d 717; *Prudential Ins. Co. v. Richman,* 292 Ill. App. 261, 11 N.E. 2d 126; *Bankers' Life Co. v. Horsefall,* 48 S.D. 629, 205 N.W. 714; *Re Peoria Life Ins. Co.,* 75 F. 2d 777. Mr. Schekter's brief, filed on behalf of the defendant lists 30 states besides New York and Pennsylvania which he says "since 1942 adopted laws giving specific authorization to life insurance companies to acquire real estate in some form for the production of income."

62

investment of such large sums requires a wide field of possible choice. The legislature could properly conclude that unless insurance companies were granted larger fields of investment the life insurance business could not be properly carried on.

Plaintiff also suggests that the provision that "No corporation shall . . . take or hold any real estate except such as may be necessary and proper for its legitimate business" is a mortmain provision prohibiting the legislation. We must reject the suggestion for the reasons already given.

2. The argument that these statutes are special laws granting to corporations special or exclusive privileges or immunities has nothing to support it when considered in the light of familiar rules authorizing classification : compare *Equitable Credit etc. Co. v. Geier*, 342 Pa. 445, 449, 21 A. 2d 53; *Kurtz v. Pittsburgh*, 346 Pa. 362, 368, 31 A. 2d 257. For many years the subject of insurance has so been dealt with; Acts Nos. 93 and 92 are mere amendments to the Insurance Company Law of 1921, P. L. 682, 40 P. S. 341 et seq. We all agree that by enlarging the investment powers of such companies, the legislature acted within its legislative power.

The bill is dismissed; costs to be paid by plaintiff.