FIRST NATIONAL BANK OF PIPESTONE, Respondent, v.
WALTON et al, Appellants.

(208 N. W. 221.)

(File No. 5614.   Opinion filed April 5, 1926.)

1. **Banks and Banking—Foreclosure—Mortgages—Where National
Bank, to Secure Loan by It, Took Notes of Third Party, Se-
cured by Mortgage on Land in Another State, Transaction as
to Bank Was Authorized by Federal Statutes, and No State
Law Could Make It Void (Rev. St. U. S., Sec. 5136 [U. S.
Comp. St., Sec. 9661]).**

   Where a national bank in Minnesota, to secure a loan by it,
took notes of third party, secured by mortgage on South Da-
kota land, transaction being had in Minnesota, the assignment
of mortgage being made in South Dakota, in an action to fore-
close the mortgage, held, transaction as to the bank was au-
thorized by Rev. St. U. S., Sec. 5136 (U. S. Comp. St., Sec.
9661), and no state law could make it void.

2. **Pleading—Bankruptcy—Abatement — Where Defendants Pleaded
Bankruptcy in Abatement, but Offered No Proof to Sustain
Their Plea It Was Not Error to Deny Plea.**

   Where defendants pleaded in abatement that they had been
declared bankrupt, but offered no proof to support their plea,
it was not error to deny plea.

3. **Banks and Banking—Foreign Corporations—Where National Bank
in Minnesota, to Secure Loan Made There, Took Notes of Third
Party, Secured by Mortgage on Land in Another State, As-
signment of Which Mortgage Was Executed in That State,
Foreclosure Was Properly Decreed.**

   Where national bank in Minnesota, to secure a loan made
there, took notes of third party, secured by mortgage on land
in another state, assignment of which mortgage was executed
in that state, foreclosure was properly decreed, as against the
contention that plaintiff was a foreign corporation; that the
notes secured by the mortgage and the assignment of the
mortgage were void.

Note.—See, Headnote (1), American Key-Numbered Digest, Banks
and banking, Key-Nos. 233, 259, 7 C. J. Secs. 585, 763; (2) Plead-
ing, Key-No. 111, 31 Cyc. 186; (3) Banks and banking, Key-No. 18,
7 C. J. Sec. 17 (Anno.).

Appeal from Circuit Court, Moody County; Hon. John T.
Medin, Judge.

Action by the First National Bank of Pipestone, Minn., against Fred Walton and others. From a judgment for plaintiff, defendant Maude Horsfall, individually, and as executrix of the estate of another, appeals. Affirmed.

*Warren & Lloyd,* of Flandreau, and *Danforth & Barron,* of Sioux Falls, for Appellant.

*Rice & Rice,* of Flandreau, for Respondent.

DILLON, J.  On March 8 ,1917, defendants Walton executed to Maude M. Horsfall and Allen L. Horsfall of Flandreau, this state, a mortgage upon land in Moody county as security for notes in the amount of $17,309. Later a number of transfers of the mortgaged land were made. In September of 1917, the plaintiff, a banking corporation organized under the laws of the United States and located at Pipestone, Minn., loaned to defendants Horsfall $9,000, and, as security for said money, the defendants Horsfall indorsed the notes for $17,309, and assigned to plaintiff the mortgage securing said notes, and executed to plaintiff notes evidencing the indebtedness created by the loan by plaintiff to the Horsfalls. Said notes were subsequently renewed by the giving of other notes, and it is these new notes that are now in suit. The transaction was made at plaintiff bank in Pipestone, Minn., and the notes are payable at Pipestone, Minn  The money was received by the Horsfalls in plaintiff bank in the form of a draft. The assignment of the mortgage, however, was executed and acknowledged in Moody county, this state. Before the commencement of this action, Allen L. Horsfall died and Maude M. Horsfall was duly appointed executrix of his estate. This action was commenced to foreclose the pledge of said mortgage and notes secured thereby. The defendants all defaulted, with the exception of Maude M. Horsfall, personally and as executrix, and the defendants Simons, who appeared and answered. The issues raised by the answers are, substantially, as follows:

"(1)  A so-called plea in abatement; each answer alleging that after the commencement of this action the defendants Simons were declared bankrupt by the bankruptcy court in the state of South Dakota.

"(2)  That the plaintiff is a foreign corporation and that the notes executed by the Waltons and the assignment of the mortgage are void."

No evidence was offered in support of the plea in abatement, and the plea was denied. The court made its findings of fact and conclusions of law. The foreclosure of the mortgage was decreed and the mortgaged premises were ordere.d sold under the mortgage, the proceeds of the sale to be used in payment of costs and disbursements and the note executed by the Horsfalls to plaintiff bank. Any surplus was to be subsequently disposed of in accordance with the law and the decree of the court.

[1, 2]  The transaction in question, so far as the bank was concerned, is authorized by section 5136, U. S. R. S. (U. S. Comp. St. § 9661), and no state law can make it void. Bank v. Matthews, 98 U. S. 621, 25 L. ed. 188. Inasmuch as no evidence was offered to support appellant's plea in abatement, there was no error in denying such plea.

[3]  The balance of the questions involved in this action are governed by the decision of this court in Bankers' Life Co. of Des Moines, Iowa, v. Maude Horsfall et al, 48 S. D. 629, 205 N. W. 714. There are many assignments of error, but since the case is disposed of by the recent decision, as stated above, it is unnecessary to consider them.

The judgment and order denying a new trial are affirmed.