| 37 | 305 |
| 50 | 341 |

## PETER MULVANEY v. C. J. LOVEJOY.

JUDGMENT, *Defective Petition to Vacate.* In a proceeding to vacate a judgment against a defendant for fraud practiced by the plaintiff in obtaining it, the petition must set forth the judgment complained of and must also fully state the facts constituting the defense. Unless the facts stated show an existing, valid and meritorious defense, the petition is fatally defective.

### *Error from Sedgwick District Court.*

ACTION to vacate a judgment rendered by the district court of Sedgwick county, on October 17, 1884, in favor of *C. J. Lovejoy* and against *Peter Mulvaney*, for the sum of $521.01. The petition in this case was filed July 16, 1885, and (omitting title) is as follows:

"1. Heretofore, to wit, on the —— day of ——, 1884,

the defendant commenced an action in said court, against the plaintiff, by filing a petition, a copy of which is hereto annexed, marked 'A.'

"2. Thereafter, to wit, on the —— day of ·——, by consent of the defendant, plaintiff filed an answer in said cause, a copy of which is attached, marked 'B.'

"3. Thereafter, to wit, on the 17th day of October, 1884, this defendant obtained a judgment, by the consideration of said court, against this plaintiff for the sum of $521.01, and $—— costs, a copy of which judgment is hereto annexed, marked 'C.'

"4. At the commencement of said action this plaintiff employed Harry Strohm, an attorney of said court, to defend said action on his behalf, and fully informed said Strohm of his defense and the evidence upon which the same could be established, said defense being a general denial of all the allegations of said petition, and this plaintiff relied upon said attorney to make such defense.

"5. Said attorney wholly abandoned said cause without notifying the plaintiff thereof, and wholly neglected, as he had promised, to notify plaintiff when said cause would be tried, although he could with reasonable diligence have done so; and plaintiff had no notice of the time said cause would stand for trial, and believed from the statement of said Strohm to that effect, that the same would not be tried until the February term, 1885, of said court, and for the reasons above stated, and from no negligence of his own, the plaintiff was not present at the trial of said cause.

"6. The plaintiff states that said judgment was obtained by fraud practiced by said defendant, as follows: There being no basis of fact, and the allegations of the petition and the account thereto attached being wholly fictitious and false, which was well known to the defendant, he was sworn as a witness in said cause, and testified that the allegations of his petition were true, and that he had performed the services and made the payments charged for at this plaintiff's request and for his benefit, which testimony was willfully false; and without such testimony, this judgment would not have been given. Wherefore, the plaintiff demands that said judgment be vacated, that the plaintiff be given a new trial, and that the defendant pay all costs."

The petition was verified by the plaintiff, but the exhibits referred to are not attached to the petition nor included in the

record.   The defendant demurred to the petition, alleging that
it did not state facts sufficient to constitute a cause of action
against him and in favor of the plaintiff.   On August 3, 1885,
the court sustained the demurrer, and granted the plaintiff
leave to file an amended petition, but he elected to stand on
the petition as filed.   The court thereupon dismissed the ac-
tion, and gave judgment in favor of the defendant for costs.
To reverse these rulings, the plaintiff brings the case to this
court.

*Campbell & Dyer*, for plaintiff in error.

*Houston & Bentley*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:  The plaintiff undertakes to procure a vaca-
tion of the judgment and a new trial on the ground of fraud
alleged to have been practiced by Lovejoy in obtaining the
judgment, and because of the neglect of his own attorney in
failing to appear and defend at the trial, and also in failing
to notify him when the trial would occur.   It is manifest
that the plaintiff sought to bring his case within the provi-
sions stated in subdivisions 4 and 7 of § 568 of the code.
The statute prescribes that proceedings to vacate a judgment
on the grounds mentioned "shall be by petition, verified by
affidavit, setting forth the judgment or order, the grounds to
vacate or modify it, and the defense to the action, if the party
applying is defendant." (Civil Code, § 570.)   The petition
fails to conform to these requirements, and hence the demurrer
was rightly sustained.   It fails to set forth the petition, an-
swer, or judgment, in the original action, although reference
is made to them.   The answer, if any was filed, may or may
not have stated a defense.   It may have substantially admitted
the allegations of the petition, and thus have rendered the
presence or absence of Mulvaney unimportant.   Not only has
he failed to state what the answer was, but he has omitted the
more important allegation that he had an existing and valid
defense when the present action was begun.   This is essential.

Judgments will not be set aside merely to allow a defendant to make a technical objection or an ineffectual defense. The provisions of the code under which this action is brought were enacted in furtherance of justice, and to relieve parties from unjust judgments that were obtained through no fault of their own. If the defendant has no valid defense, and the result of a second trial must be the same as the first, no actual injustice has been done, and it would be idle to disturb the judgment. The facts constituting the defense should be fully stated, and from them it must appear that the defendant has an existing, legal and meritorious defense. In this respect the petition in the present action is fatally defective, as well as in failing to set forth the judgment complained of. (*Hill v. Williams*, 6 Kas. 17.)

The judgment of the district court will be affirmed.

All the Justices concurring.