### John Provins v. Charles Lovi.

(Filed July 30, 1897.)

1. JUDGMENT—*Defective Petition to Vacate.* In a proceeding to vacate a judgment against a defendant for fraud practiced by the plaintiff in obtaining it, the petition must fully state the facts constituting the defense. Unless the facts stated show an existing, valid and meritorious defense, the petition is fatally defective. (*Mulvaney v. Lovejoy*, 37 Kan. 305.)

2. PETITION TO VACATE A JUDGMENT—*When Defective.* Where a petition to vacate a judgment recites as a defense to the judgment which awarded possession of a tract of land, that the land so awarded is a small tract lying between the meander line of a government survey, along the bank of the north fork of the Canadian river, and the edge of the water of said stream, *Held:* That the survey was not made for the purpose of fixing the boundary line of the land and further *Held*, that the owner of the upland takes to the edge of the water.

3. SAME. Where a petition for a new trial under sec. 4464, Statute 1993, states as a defense to an award for damages in the sum of $400, for withholding possession of land and waste committed thereon, that the real damage for waste was but $25, and the sum awarded as damages for withholding possession is not shown, and such award was made by a referee and the findings of fact of the referee are not attached to or set up in the petition for a new trial, *Held* that the petition does not state such facts as will justify a court in vacating the judgment, as the court should presume that the principal award of damages grew out of the withholding of the premises.

4. ERRORS ASSIGNED AND ABANDONED NOT CONSIDERED. Where an error is assigned and not presented and argued in the brief of counsel for appellant, and no authorities are cited in support of the contention and counsel for appellee treat the question as abandoned, this court will not review the same.
(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*R. G. Hays* and *J. S. Jenkins*, for plaintiff in error.

*A. B. Hammer* and *J. H. Everest*, for defendant in error.

Opinion of the court by

DALE, C. J.: The appellant filed his petition in the district court of Oklahoma county on January 12, 1897, to vacate a judgment obtained against him in that court by Charles Lovi, on April 9, 1895. To the petition a demurrer was filed and sustained, whereupon an amended petition was filed. To the amended petition so filed a demurrer was also interposed and sustained, and it is to reverse the ruling upon such demurrer that the case is brought up.

The amended petition alleged, in substance, that on October 9, 1895, in a certain action then pending in the district court of Oklahoma county, wherein John Provins

was plaintiff and John Hicks and the petitioner were defendants, said Provins obtained a judgment against the petitioner for the immediate possession of a certain tract of land, describing it, and a further judgment in the sum of $400 for withholding the possession thereof, and waste, and for the costs, which judgment is still in force and effect. A copy of the judgment is attached to the petition.

That such judgment was procured by fraud in this: That some time prior to the commencement of the action in which the judgment was obtained the petitioner and one Hicks, his partner, leased of one Crawford a certain tract of land, supposed to be a part of the tract held by Crawford under a homestead entry. That under the lease they as partners erected a mill dam, grist mill, saw mill and residence upon the land so leased, at a total cost of $1,200. That in making such improvements they cut a small amount of timber growing upon the land, and took a small amount of clay, stone and gravel found thereon, and that the total value of such material was $25. That they used and occupied the tract of land for a time, and did not learn until just prior to the date when Lovi brought an action against them for possession and damages that he, Lovi, was claiming the land under a homestead entry which he had made at the United States land office. That soon after learning of Lovi's claim, Hicks, to protect the partnership interests, instituted a contest against Lovi in the land office, to determine the right of Lovi to the land. That at the time Lovi brought suit for possession and damages, and for a long period of time prior and subsequent thereto the petitioner, by reason of being afflicted with nervous disorders, heart troubles, and mental disorders,

was wholly unfitted to transact any business whatever, and owing to such condition he was incapable of looking after his own interests and was dependent upon others to transact his business. That soon after Lovi instituted his suit against Hicks and himself he employed a firm of attorneys to look after his interest, but owing to his mental condition was unable to state to his attorneys the nature of his defense, but was compelled to rely upon his partner, Hicks, to look after his interest. That all the acts done by way of damage to the land and by withholding from Lovi possession thereof, were done jointly by himself and Hicks. That after the action had been brought by Lovi against himself and Hicks, for the purpose of cheating and defrauding him, the petitioner, and for the purpose of obtaining against him a judgment for damages, and obtaining a judgment for possession of the land and improvements thereon, Lovi and Hicks entered into a conspiracy whereby it was agreed that Lovi would pay Hicks $200 for his interest as a partner in the improvements on the land, and for his joint interest in the possession thereof, and Hicks agreed to dismiss the contest in the land office then pending, and also to aid Lovi in obtaining a judgment against the petitioner for the possession of the land and a large amount of damages, and further that Lovi should take no judgment against Hicks, either for the possession of or damages for withholding the land, and that Lovi would release Hicks from all claims for damages.

That in pursuance to said conspiracy Lovi paid Hicks $200; Hicks dismissed his contest pending in the land office against Lovi, and assisted Lovi to obtain the judgment against petitioner, by failing to cause an answer to

7—

be filed in the action instituted by Lovi against Provins and Hicks, and at the suggestion of Lovi, Hicks conveyed his interest in the tract of land, mill, and improvements to one Howell, who also was a party to the conspiracy. That the conspiracy was wholly unknown to the petitioner until after it had been consummated and judgment obtained. That he, Provins, relied upon his partner Hicks, to look after and properly defend the action, but by reason of the conspiracy entered into between Lovi and Hicks, said Hicks wholly neglected to properly defend said action. That a further fraud was practiced by Lovi in procuring such judgment, in that, after a default had been entered, the case was referred for an assessment of damages, and that Hicks appeared before the referee, and at the instance and request of Lovi testified that the petitioner and Hicks had committed damages upon the land to the amount of $400, and that Lovi testified to the same fact, they being the only witnesses examined upon such question. That such testimony was wholly untrue, and such fact was known by Lovi at the time. That the damages which were done as claimed by the petition of Lovi in said cause did not exceed $25, and the betterments thereon exceeded in value $1,200; and by reason of the false and perjured testimony, Lovi procured the referee to report damages as having been committed upon the land to the amount of $400. That during all the times above mentioned Lovi and Hicks well knew that the petitioner's mind was in such condition, by reason of disease that he was unfitted to transact business. That Hicks was then and is now wholly insolvent, and no judgment was rendered against him.

Provins in his petition also claims a complete defense

to the action of Lovi, first, because the land upon which the mills and improvements were placed is no part of the homestead of Lovi; second, that the damage done upon the land did not exceed $25 and if the same had belonged to Lovi the improvements which were thereon and incapable of removal are of the value of $1,200 which fact would offset any damages done in withholding the possession or by way of injury to the land; and, third, that the acts of Hicks and himself having been jointly done, the release of and settlement of the claim of damage against Hicks is a release of all parties concerned in the injury.

The foregoing presents all the facts, as we find them, set forth in the petition, and all those upon which appellant contends, under the law to have the judgment against him vacated and a new trial granted. The demurrer admits all of the facts which are well pleaded, and challenges their sufficiency.

This petition was filed under subdivisions 4 and 7 of sec. 4464, Statutes of 1893, which provide that:

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment was made. * * *

"Fourth: For fraud practiced by the successful party in obtaining the judgment or order. * * * *

"Seventh: For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

By sec. 4466, we find that the law provides that the proceedings to vacate the judgment on the grounds mentioned in subdivisions four and seven of sec. 4464 *supra* shall be by petition, setting forth the judgment or order, the grounds to vacate or modify, and the defense to the action, if the party applying was defendant. And by

sec. 4468 we find that "a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered." Section 4471 following the above cited sections fixes the time as of two years within which proceedings must be brought to vacate a judgment where it is sought to be so vacated upon the grounds as set forth in subdivisions four and seven, of sec. 4464 *supra*.

The petition in this case was filed within the two years fixed as a period of limitation, and we will therefore address ourselves to the questions raised by the statements contained therein.

It occurs to us that the first question to be determined is whether or not the petition states a valid defense to the judgment as obtained by Lovi, for, as was well stated in *Mulvaney v. Lovejoy*, 37 Kan. 305 in considering the subdivisions of sec. 4464 *supra*, which we have under consideration:

"In a proceeding to vacate a judgment against a defendant for fraud practiced by the plaintiff in obtaining it, the petition must set forth the judgment complained of, and must also fully state the facts constituting the defense. Unless the facts stated show an existing valid, and meritorious defense, the petition is fatally defective."

The first ground of defense stated alleges in substance that the small tract of land for the possession of which Lovi brought his action is a fraction of the southwest quarter of section 11, township 12 north, range 3 west, lying south of the North Canadian river, and that all the improvements made by Provins and Hicks were within the meander line on the south side of the North Fork of the Canadian river, and within the boundaries of said southwest quarter of said section 11. And the petition

also states that a plat of the survey of the land and the meander boundaries thereof, are attached thereto and made a part of such petition. An examination of both the original and amended petitions fails to disclose such exhibit. There is, however, incorporated into the case made an affidavit of one Marcus Crawford, which was filed in support of the petition, and we presume it was the intention to have the same so considered. Such affidavit shows Crawford to be the person from whom Provins and Hicks leased the land upon which they erected their improvements, and which, by the judgment sought to be vacated, was found to be a part of the homestead of Lovi. Crawford in his affidavit disputes the statement in the petition, and shows conclusively that while Crawford at the time he executed the lease to Provins and Hicks believed the tract so leased to be a part of his homestead; yet subsequently it was found that it belonged to the quarter section entered by Lovi. But independently of this affidavit of Crawford, if we correctly understand the claim as set forth in the petition, it is contended that because the tract of land in dispute lies between the meander line along the bank of the North Canadian river and the edge of the stream, therefore it does not become a part of the land entered by Lovi. In sec. 3746, Statutes of 1893, it is provided:

"Except where the grant under which the land is held indicates different intent, the owner of the upland where it borders upon a navigable lake or stream takes to the edge of the lake or stream at low water mark."

While it is true that the North Canadian river is not a navigable stream, yet nevertheless the same rule obtains. The fact therefore that the improvements were placed be-

tween the meander line and the edge of the stream does
not relieve against the claim of ownership on the part of
Lovi. Especially is this true when we consider that the
petition and all the record before us shows that Lovi en-
tered the land as a government homestead and received
his grant therefrom, as all surveys made by the govern-
ment of meander lines are made for the purpose of deter-
mining the sinuousities of the stream and the amount of
land for which a party entering the same shall be
charged, and not with a view of fixing the real bounda-
ries; it being our understanding that the government in-
tends to and does recognize the water as the true
boundary line of the land. Holding to this view, it would
be useless to vacate the judgment upon the first ground
as set forth in the petition.

The next proposition urged as a defense is upon the
question of damages. The petition admits damages to
the extent of $25 and claims that the balance of the
award was excessive, and alleges betterments which
should have been taken into account as an offset. We
have not before us the finding of facts made by the ref-
eree before whom the question of damages was sub-
mitted, and therefore cannot say upon what evidence he
found that Lovi had been damaged in the sum of $400.
Neither do we know whether or not he considered the
value of the improvements as being an offset against a
part of the damages sustained by Lovi. But the judg-
ment attached to the petition recites the fact that the
award of damages was made for withholding the posses-
sion, and waste. Courts are loth to set aside judgments
upon the ground of excessive damages, and in our judg-
ment should never do so unless it clearly appears that

there was fraud practiced by the prevailing party and that a new trial would relieve against such judgment. The allegations in the petition admit damages, such as cutting timber, and the use of stone, clay and gravel, and we must also take into account the further element of damages, as recited in the judgment, in the withholding from Lovi of the possession of the premises. These elements are purely matters which sound in damages, and the principal element is usually that which arises out of the withholding of the possession. We cannot say, nor does the petition disclose what part of the judgment for damages was obtained on account of the withholding of the premises, and what part by reason of the destruction of the timber and use of stone, clay and gravel.

In *Smith v. Lowry*, 1 Johns. 320, in an action to vacate a judgment, not because the judgment had been obtained through fraud, but because excessive damages had been obtained by fraud, the chancellor in the opinion says:

"The cases of relief in equity against judgments at law founded in fraud, are when the fraud goes to the whole judgment, and not to the mere excess of damages in a cause properly sounding in damages."

To the same effect is *Foster v. Wood*, 6 Johns. 87, and *Riddle v. Baker*, 13 Cal. 295, and *Johnson v. Lyon*, 14, Ia. 431; but in *Laithe v. McDonald*, 12 Kan. 340, the court vacated a judgment for fraud practiced by the prevailing party, because the party who obtained the judgment committed wilful and corrupt perjury, thereby recovering a judgment for $5,686 when in fact he ought to have obtained a judgment for but $1,800. However, the court did not place its decision upon the ground that the judgment should be vacated because of excessive damages,

but placed it squarely upon the fact that the prevailing party had committed wilful and corrupt perjury in obtaining the judgment, and upon the further ground that it clearly appeared that a new trial would relieve against a large portion of this judgment.

The cases above cited we think sufficiently establish the correct rule to be as follows: Where it is shown that an award of damages is grossly excessive, and that a new trial will probably relieve against such excess, and it is also shown that the excessive judgment was obtained by the fraud of the party procuring the same, then the courts should set aside the judgment so obtained; but unless these facts are clearly made to appear a new trial should be refused.

In the case under consideration the petition fails to show that the damages as recovered were given merely for the timber, clay, stone and gravel and we presume that such was not the fact, as the principal element of damages in the case would naturally arise by reason of withholding the possession of the premises. Neither does the petition show that the improvements or betterments inacpable of removal were not offset against the award of damages found to exist in the case. Therefore, the petition fails in important particulars to state facts from which the court below might determine that a new trial would relieve against the judgment. It is true the petition does state that Provins had improvements incapable of removal to the value of $1,200, but there is not attached to the petition the findings of the referee, and we do not know whether or not the value of such immovable improvements were set off against the amount found

as damages. The petition is entirely silent upon this question. We conclude the second ground of defense, if it exists, is not well pleaded.

The third defense is placed upon the ground that Lovi received a conveyance from Hicks of all his interest in the improvements upon the land in satisfaction of all damages which he had against Hicks, and that Hicks and Provins, having been partners and therefore joint tort feasers, the release of Hicks operated to release Provins. It appears that Lovi instituted his suit against both Provins and Hicks as individuals and not as partners, and took no judgment against Hicks. and the allegations of the petition are that Lovi settled with Hicks by giving him $200 and receiving from Hicks a conveyance of all his interests and improvements. Counsel for appellant in their brief do not argue this question, nor cite authorities in support thereof, and the other side assume in their brief that this position has been abandoned by appellant. In view of the action of counsel, we will not discuss this question, further than to say that it appears from the face of the judgment sought to be vacated that at the time the report of the referee was before the lower court for approval, Provins appeared and filed his exceptions to such report, and that the same were argued by counsel representing him. The exceptions which were so filed to the report of the referee are not incorporated in or made a part of the record. The matter urged at this time should have been presented at the time the report of the referee was before the lower court for action. The petition fails to show that it was not so presented, and further fails to show a good reason for not so doing.

Upon the facts as they appear in the petition we think

a defense to the action of Lovi is not shown, and that this case must fall within the rule laid down in *Mulvaney v Lovejoy, supra,* and for this reason the judgment of the lower court is affirmed.

Keaton, J. having presided at the trial of the cause in the court below not sitting; all the other Justices concurring.