Jas. S. Thompson, B. W. Hall and G. W. Zimmerman.
v. The Caddo County Bank, *a corporation.*

(Filed September 6, 1905.)

1. JUDGMENT—Vacation for Fraud—Proceedings. In this Territory, proceedings to vacate a judgment on the ground of fraud must be by petition, verified by affidavit, setting forth the judgment sought to be vacated, the grounds therefor, and the defense to the action, if the party applying was defendant.

2. SAME—Motion to Vacate for Fraud, Improper. A motion is not the proper method in this Territory by which to seek vacation of a judgment alleged to have been obtained by fraud.

3. SAME—Petition to Vacate—Must Contain, What. A petition to vacate a judgment on the ground of fraud of the successful party must be verified, and must set forth the judgment sought to be vacated, the facts constituting the alleged fraud, and must fully state the facts constituting the defense to the original action.

4. SAME—General Denial not Sufficient. A petition to vacate a judgment on the ground of fraud which sets up only a general denial by way of defense and does not state the facts constituting the same, is fatally defective.

5. REPLEVIN—Petition—Sufficient, When. Where, after personal service in an action of replevin, the only objection made to a petition is by motion to vacate a judgment rendered thereon by default. and the grounds relied upon for vacation of such judgment are that the special ownership of plaintiff and its right to the possession of the property at the commencement of the action are insufficiently pleaded, but the petition does set forth the specific facts constituting plaintiff's title, and to which the court will look in determining plaintiff's right to recover: Held, that in such a case, the allegations of such petition are sufficient: and Held, further, this court will not, upon a motion of the kind under consideration exact that strict particularity of pleading that might otherwise be required by a trial court. upon demurrer.

(Syllabus by the Court.)

*Error from the Probate Court of Caddo County; before*
*M. N. Gish, Probate Judge.*

*A. J. Morris,* for plaintiffs in error.

*A. T. Boys,* and *H. B. Mitchell,* for defendant in error.

### STATEMENT OF FACTS.

Defendant in error brought an action of replevin against plaintiffs in error, in the probate court of Caddo County, to recover certain property. Judgment was rendered by default, against defendants below, after personal service. No motion for new trial was filed, but, after the expiration of the time therefor, the defendants in that action, after notice to plaintiff, filed a motion to vacate the judgment, alleging: First, that the allegations of the petition and replevin affidavit are insufficient to sustain the judgment; and second, fraud practiced by the successful party in procuring the judgment. Later, a petition to vacate the judgment was filed by defendants, the sole ground therefor being fraud of the successful party. To this petition to vacate the judgment, plaintiff demurred; the demurrer was sustained, the court at the time of sustaining said demurrer, overruling the motion to vacate, and the plaintiffs in error bring the case here for review, assigning as error the action of the court in rendering judgment in the first instance, in overruling the motion to vacate, and in sustaining the demurrer to the petition.

Opinion of the court by

PANCOAST, J.: In this Territory proceedings to vacate a judgment on the ground of fraud practiced by the successful party must be by petition, verified by affidavit, setting forth the judgment sought to be vacated, the grounds there-

for, and the defense to the action, if the party applying was defendant. (Sec. 564 art. 22, chap. 66, Wilson's Statutes, 1903.) Under the section of the statute referred to, a motion is not the proper remedy by which to seek vacation of a judgment alleged to have been obtained by the fraud of the successful party, that method by motion, being applicable only to certain other grounds specified in the statute; hence this court cannot consider so much of the motion in the case before us as seeks, upon the ground of fraud, the vacation of the judgment rendered.

Nor in this case is the petition to vacate sufficient to meet the requirements of the statute mentioned, and the construction which this court has heretofore placed upon it. While the petition is properly verified, sets forth the judgment sought to be vacated, pleads the facts constituting the alleged fraud, and sets out that defendants have a just and meritorious defense to the cause of action in the replevin suit, yet the facts from which the trial court might or could have determined that such a defense existed are nowhere pleaded, the only attempt to meet the demand of the statute in this particular being a general denial, unverified, attached as an exhibit to the petition to vacate, and this we think is insufficient. The petition must fully state the facts constituting the defense, and unless the facts stated show an existing valid and meritorius defense, the petition is fatally defective. (*Provino v. Lovi,* 6 Okla., 94, 50 Pac. 81; *Mulvaney v. Lovejoy,* 37 Kans 305, 15 Pac. 181.)

A general denial even though verified, cannot serve the purpose intended by the statute; it can give no information to the court, nor aid it in determining whether or not there exists in fact a valid and meritorious defense to plaintiff's

cause of action, nor will it take the place of a full and complete statement of those facts sufficient to constitute such defense, nor obviate the necessity of pleading them. We think therefore, the trial court committed no error in sustaining the demurrer to the petition to vacate the judgment below.

Recurring to that part of the motion to vacate which attacks the validity of the judgment rendered by the probate court, on the ground that the allegations of the petition and affidavit in replevin are insufficient to sustain it, it is contended by plaintiffs in error that the insufficiency of the petition in the replevin action consists in this: First, that there is no specific allegation therein that the plaintiff was entitled to the possession of the property at the time of the commencement of the action; second, that there is no allegation in the petition that plaintiff had any interest in the property at the time of the commencement of the action; and third, that if any ownership in plaintiff did exist, that it was a special ownership, and that the nature and circumstances of such a special interest or ownership are not alleged in the petition.

It may be conceded the petition in the replevin action does not generally allege that plaintiff is the owner and entitled to the immediate possession of the property sought to be recovered, but it does state the particular facts which entitle it to such possession and this we think is sufficient, upon a motion of this nature, as it specially pleads the plaintiff's title, and the specific facts to which the court will look in determining the plaintiff's right to recover. (*Gage v. Wayland,* 67 Wis. 566; 31 N. W. 108; *Visher v. Smith,* 91 Cal. 260; 27 Pac. 650; *Reynolds v. Copeland,* 71 Ind. 422; Shinn on Replevin, par. 442.)

As far as the third contention of plaintiffs in error is concerned, it may be true that the special ownership of the plaintiff probably should have been alleged with more care in the petition in the action of replevin. The petition, in that regard, pleads the title of plaintiff to be that of mortgagee, under a chattel mortgage, and states that deeming itself insecure, it took possession of the property, but contains no further particular allegation of the nature of the special ownership.

However a trial court might be justified in regarding a pleading such as this on demurrer to petition, yet, under the circumstances of this case, the neglect and delay of plaintiffs in error, this court will not, upon a motion of the kind under consideration, exact that strict particularity of pleading special ownership that might otherwise be required by a trial court, upon demurrer.

In our opinion, the petition was sufficient to sustain the judgment rendered; and, being sufficient, the probate court committed no error in rendering the judgment, nor in overruling the motion to vacate the same.

The judgment of the probate court is therefore affirmed.

All the Justices concurring.