### WALKER et al. v. LOVE et al.

No. 8153—Opinion Filed Dec. 12, 1916.

(161 Pac. 787.)

**1. New Trial—Grounds—Absence of Defendants.**

The single allegation that the defendants were not in court at the trial of the cause is not sufficient ground for a new trial.

**2. Appeal and Error — Record — Questions Presented for Review—Sufficiency of Evidence.**

This court is unable to determine whether or not a judgment is supported by the evidence when the evidence is not incorporated in the record.

(Syllabus by Burford, C.)

Error from Superior Court. Muskogee County; H. C. Thurman, Judge.

Action by Elvira Love and another against H. T. Walker and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

H. T. Walker, for plaintiffs in error.

Brown & Stewart, for defendants in error.

Opinion by BURFORD, C. Elvira Love and Robert Love sued H. T. Walker and K. H. Walker upon a promissory note and to foreclose a real estate mortgage. The answer was an unverified general denial, and the claim that $16 had been paid upon the note, for which no credit had been given. It appears that the cause was regularly set for trial, and that at the trial the defendants did not appear after being called in open court. Plaintiffs then waived a jury and introduced their evidence, and judgment was rendered in their favor. It appears that in the judgment a credit of $21 was given the defendants. The defendants filed a motion for new trial, alleging that the judgment of the court was contrary to law and to the evidence, and was not sustained by sufficient evidence, and "because the defendants were not in court at the trial of this cause." This motion was overruled, and the cause was brought here for review.

The evidence is not incorporated in the record, and therefore we are unable to determine whether or not there was any evidence to sustain the judgment further than to say that the unverified general denial left standing the allegation of the execution of the note and mortgage. Whether or not anything was due thereon was a matter of proof, and in the absence of the evidence we must assume that there was sufficient proof to justify the trial court in finding the amount which it did.

As to the allegation that the defendants were not in court at the trial of the cause, that is clearly not sufficient to entitle them to a new trial. No excuse for failure to appear is given or alleged. If defendants could obtain a new trial in a cause by simply stay-

ing away from court, there would be no end to litigation.

Judgment affirmed.

By the Court: It is so ordered.