**HILL et al. v. WEBB et al.**

No. 17722.   Opinion Filed Oct. 4, 1927.

Rehearing Denied Nov. 1, 1927.

(Syllabus.)

1. **Building and Loan Associations—Penalty for Foreign Company Transacting Business in State Without Complying with Statutes.**

Section 5416, C. O. S. 1921, prescribes the exclusive penalty for foreign building and loan associations transacting business in this state without having complied with sections 5405 and 5406, C. O. S. 1921.

2. **Penalties—Specific Statutory Penalty Exclusive.**

Where the law imposes a penalty for failure to comply with a particular statutory requirement, the penalty so provided is exclusive of any other; or, at least no other penalty will be implied.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by A. G. Hill et al., against W. M. Webb et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

P. A. M. Hoodenpyl, for plaintiffs in error.

McCrory & Monk, for defendants in error.

PHELPS, J. Plaintiffs in error here were plaintiffs below and defendants in error were defendants below, and the parties hereto will be referred to as plaintiffs and defendants, as they appeared in the trial court.

Plaintiffs filed their suit in the superior court of Okmulgee county. in which they prayed for removal of a cloud upon their title to certain real estate located in the city of Okmulgee. Defendants filed their answer, pleading that the cloud upon the title of which plaintiffs complain was a valid mortgage given to secure a loan made by defendants to plaintiffs, and in their cross-petition prayed judgment foreclosing the same. Plaintiffs replied, admitting the execution of the mortgage, but pleading that the mortgage was made by a foreign building and loan association which had not complied with the laws of the state of Oklahoma, and that it was, therefore, not entitled to maintain its foreclosure action. To this reply defendants demurred. which demurrer was by the court sustained and judgment rendered for defendants as prayed in their answer and cross-petition.

Plaintiffs prosecute this appeal and it appears from the record that the sole question presented to the trial court and, therefore, the sole question here, is whether a foreign building and loan association which has not complied with the laws of this state and become localized or domesticated, as provided by our statutes, but, nevertheless, makes loans within the state, is precluded from foreclosing on property covered by such loans.

In rendering judgment the trial judge delivered a written opinion, which was incorporated in the journal entry of judgment, in which he made the observation that on the question presented there are three distinct lines of authorities; one line of such authorities holding that under a similar state of facts to the facts in the instant case the foreign building and loan association is barred, estopped, and prohibited from maintaining its foreclosure action; another line of authorities holding that, although the statute declares it unlawful for them to do business in the state without first having complied with the laws of such state, it was not the intention of the Legislature to prohibit them from foreclosing a mortgage made in the state, but merely intended to provide a penalty in the form of a fine for failing to comply with the local statutes; and still another line of authorities holding that before such contract could be held void and unenforceable the Legislature must specifically provide that such contracts are void and unenforceable, otherwise the local courts should hold them enforceable.

It was the line of authorities following the latter rule upon which the trial court based its judgment, and a thorough examination of the authorities cited leads us to the conclusion that the trial court committed no error in following this line of authorities.

The law governing the conduct of foreign building and loan associations in this state is found in sections 5404 to 5417, inclusive, C. O. S. 1921, and provides that before such associations shall transact business in this state they shall procure from the State Bank Commissioner a certificate of authority to do so after having complied with certain regulations provided by such statute, and section 5417 provides that:

" * * * No building and loan association shall be permitted to transact business in this state until certificate of authority has been obtained in accordance with the provisions hereof."

And section 5416 provides that:

"Any building and loan association which shall transact business in this state without having first obtained a certificate of authority therefor as provided in this article (article 8) shall forfeit and pay to the state of Oklahoma, to be recovered in a civil action

in the name of the state of Oklahoma, the sum of $5,000."

Sections 5432 to 5444, inclusive, being article 10 of C. O. S. 1921, embraces the law of this state regulating the conduct of foreign corporations, and section 5435 thereof provides that:

"If any such foreign corporation shall fail to comply with the foregoing provisions of this article, all its contracts with citizens of this state, entered into after the approval of this article, shall be void as to the corporation, and no court of this state shall enforce the same in favor of the corporation."

It will be observed that the last above quoted section of the statute as applied to foreign corporations specifically provides that contracts of such foreign corporations are not enforceable by the courts of this state unless such foreign corporations have complied with the statute governing their localization, whereas there is no such provision in the statute as applied to the contracts made by foreign building and loan associations, and it is argued by counsel for defendants that if it had been the intention of the Legislature to provide the penalty for noncompliance with the statute contended for by plaintiffs, the punishment fixed by the Legislature for the failure of foreign corporations to comply with the law would have also been prescribed for foreign building and loan associations.

In Union Savings Association v. Burns, 74 Okla. 5, 176 Pac. 231, this court held that, inasmuch as a special act of the Legislature was passed for the regulation of foreign building and loan associations, the general law regulating the conduct of foreign corporations does not apply to them and, in the body of the opinion, the following language is used:

"One of the recognized rules of statutory construction is that where there are two acts, one of which is special and the other general, the general act is not to be considered as applying to cases covered by the special act. This canon of construction has been uniformly adhered to by our court. In the case of Carpenter v. Russell, Adm'x, et al., 13 Okla. 277, 73 Pac. 930 the rule is announced as follows:

" 'A general act is not to be construed as applying to cases covered by a prior special act on the same subject.' "

In La France Fire Engine Co. v. Town of Mt. Vernon, 37 Pac. 287, the Supreme Court of Washington said:

"It is a general proposition, sustained by the weight of authority, that, where a statute imposes a penalty for failure to comply with statutory requirements, the penalty so provided is exclusive of any other; at least, no other penalty will be implied."

The Supreme Court of North Dakota, in construing a statute similar to ours, reached the same conclusion in Washburn Mill Co. v. Bartlett, 54 N. W. 544.

Counsel for both sides have favored us with very generous citations of and quotations from authorities of various jurisdictions, leading us to the conclusion that a thorough search of the books has been made for authorities sustaining the contention of each side, but none from our own courts covering the exact question here presented have been called to our attention, the nearest approach thereto being Cooper v. Ft. Smith & Western Ry. Co., 23 Okla. 139, 99 Pac. 785.

In Spinney v. Miller, 86 N. W. 317, the plaintiff was receiver of a building and loan association, an Illinois corporation, and brought suit in Iowa to foreclose a mortgage given by the defendant. The defendant pleaded that plaintiff had not complied with the laws of the state of Iowa and that the note and mortgage were, therefore, void. The lower court gave judgment for the plaintiff, and on appeal by the defendant the Supreme Court of Iowa, in affirming the decision of the trial court on the question of validity of the mortgage, used the following language:

"Whatever the right of the state might be in case of a failure on the part of a foreign corporation to comply with the statutes prescribing terms upon which a foreign corporation may do business here, the mortgagor, who has received and retains the benefits under the contract, cannot be heard to assert its invalidity."

While we reach the conclusion that the trial court properly sustained the demurrer, the contention of plaintiffs that the court committed error in doing so is not without authorities supporting it. From the authorities cited by counsel for defendants, many of which are not referred to or quoted from in this opinion, we reach the conclusion that the better rule and the safer course for us to follow in this jurisdiction is the one announced in the decisions herein cited and quoted from.

The question that the demurrer admits all allegations properly pleaded, also the question that before plaintiffs would be entitled to the relief prayed for they must return, or offer to return, the benefits received by them in the transaction, have been generously briefed, but since the trial court disposed of

the case on the other proposition, we deem it unnecessary to go further than the trial court went, except to say that we have sufficiently examined the authorities to reach the conclusion that if the trial court had disposed of these two questions, no doubt the decision would not have been different from the one rendered.

The judgment of the trial court is in all things affirmed.

BRANSON, C. J., MASON V. C. J., and LESTER. HUNT CLARK, and HEFNER, JJ.. concur.

Note.—See under (1) 9 C. J. p. 999 §151 (Anno); anno. 4 L. R. A. (N. S) 688, 691; 12 R. C. L. p. 83. (2) 25 C. J. p. 1179, §73 (Anno).