**CUNNINGHAM et al. v. DEMING INV. CO.**

No. 18688. Opinion Filed Oct 30, 1928.

Rehearing Denied Feb. 12, 1929.

Tom D. McKeown and C. F. Green, for plaintiffs in error.

Earl Bohannon and B. H. Epperson, for defendant in error.

LESTER, J. The parties to this appeal will be referred to as they appeared in the district court.

The Deming Investment Company brought suit against Salina Cunningham and Callie Cunningham on a series of notes and for the foreclosure of a certain real estate mortgage executed by said defendants for the purpose of securing the payment of said indebtedness. It also appears that Anna McKeown and Tom McKeown claimed an interest in the said real estate, and they were also made parties defendant.

The defendants Salina Cunningham and Callie Cunningham filed an answer in which they sought to set up the plea of usury in the making and execution of said notes and mortgage. A demurrer to the answer of the defendants Salina and Callie Cunningham was sustained to the extent that the said answer related to the plea of usury.

The defendants Anna and Tom McKeown filed their answer, which constituted a general denial of the allegations contained in the plaintiff's petition.

It appears that the plaintiff introduced certain evidence, and the court thereafter rendered judgment in favor of the plaintiff and against the defendants.

The defendants, in due time, filed a motion for new trial, which was by the court overruled, and the defendants prosecute this appeal for the purpose of reversing the judgment therein entered.

Defendants failed to embrace in the case-made the evidence introduced by plaintiff at the trial of the cause, therefore, we will not consider the proposition as to whether the court committed error in rendering judgment on the sufficiency of the evidence.

In the case Walker v. Love, 62 Okla. 28, 161 Pac. 787, this court announced the rule to be:

"This court is unable to determine whether or not a judgment is supported by the evidence when the evidence is not incorporated in the record."

The principal proposition presented by the defendants Salina Cunningham and Callie Cunningham is that the court erred in sustaining the demurrer to their answer. The plaintiff, in its petition, alleged that the defendants Salina Cunningham and Callie Cunningham had borrowed from the plaintiff $3,000 on the 10th day of January, 1921, and that the plaintiff took nine notes, each note payable annually, beginning February 1, 1923, and ending February, 1, 1931. In the plaintiff's petition it was shown that the last interest note on said loan was to become due February 1, 1931. The defendants Salina and Callie Cunningham in their answer failed to show on what date the principal note was to become due. We think that where a person is seeking to secure the benefit from a plea of usury, such plea should be definite and certain, so that by an examination of such plea the court can determine that if such plea is true, such party would be entitled to prevail. In the instant case the answer of the defendants wholly failed to set forth any state of facts tending to show that the contract between the plaintiff and the defendants was burdened with usury.

The rule regarding the plea of usury, as stated in 39 Cyc. 1043, is as follows:

"And it is not sufficient to allege generally that the contract is usurious without setting out the facts that make it so, or to state facts which may lead the opposite party to infer that he has to meet that defense. Pleadings should consist of averments and not of inferences. In accordance with the requirements stated, the pleadings should show a loan or forbearance, the amount of the sum loaned or forborne, the parties to the contract, the time when, and the place where, the contract was entered into and the time of its maturity, the amount of usurious interest received or agreed to be paid. * * *"

Again, in 22 Cyc. Pleading & Practice, 430, it is said:

"The rules in regard to the pleading of usury have always been exceedingly strict, since if the defense is established it operates in a certain sense to enforce a forfeiture against the creditor. It is necessary both at law and in equity that the plea or answer should specifically set forth, with the utmost certainty and distinctness, the terms and nature of the usurious agreement or transaction and all the facts and circumstances in relation thereto."

We think that the answer of the defendants Salina and Callie Cunningham was wholly insufficient to constitute a plea of usury.

Judgment is affirmed.

MASON, V. C. J., and HARRISON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 39 Cyc. pp. 1042, 1043; 27 R. C. L. p. 266. (2) 4 C. J. p. 336, §1966; 2 R. C. L. p. 158; 1 R. C. L. Supp. p 417; 4 R. C. L. Supp. 86.