## CARLIN et ux. v. PRUDENTIAL INS. CO. of AMERICA.

No. 26103.   Nov. 19, 1935.

Rehearing Denied Dec. 24, 1935.

J. S. Severson, for plaintiffs in error.

A. K. Little, Kleinschmidt & Johnson, and Embry, Johnson, Crowe & Tolbert, for defendant in error.

GIBSON, J. The plaintiffs in error will be referred to herein as defendants, and the defendant in error as plaintiff. The appeal involves the order of the trial court sustaining plaintiff's demurrer to defendants' petition after term time to vacate judgment. The original action from which such judgment resulted was commenced by plaintiff in the district court of Tulsa county to foreclose a real estate mortgage executed by defendants.

After certain rulings of the court upon the sufficiency of defendants' answer to the petition to foreclose the mortgage, the answer stood as an unverified general denial. The issues were thus framed when the cause was duly assigned for trial on the jury docket for the 18th day of November, 1932. Default judgment was taken against defendants on November 10, 1932. Defendants thereafter filed their petition to vacate the judgment. A portion of said petition follows:

"* * * On the 10th day of November, 1932, a default judgment was entered against the defendants herein; that said judgment was procured in behalf of the plaintiff herein, irregularly and by the practice of fraud upon said defendants herein by said plaintiff, to such an extent that the defendants herein were, through unavoidable casualty and misfortune, prevented from defending said action in the following particulars, to wit: The said plaintiff herein procured said action to be set for trial by special order for the 18th day of November, 1932, and pursuant to that order, the said cause was placed on the docket printed in the Tulsa Daily Legal News, a daily newspaper printed in Tulsa county, Okla., and set for hearing November 18, 1932, which said docketing and publishing is not provided for by the procedural statutes of the state of Oklahoma, but the district courts of Tulsa county, Okla., recognize the same as official, and by reason thereof the dockets published in the said Tulsa Daily Legal News are used by the district courts of said Tulsa county, Okla., and the business of said courts, including the trial of cases, is predicated thereon, and litigants in said courts and their attorneys are, by reason of said facts, entitled to rely on said settings; that no action was taken or had in cause on November 8, 1932, by the court, although the defendants were ready to try the same; that notwithstanding the fact that said cause of action was set for trial on November 18, 1932, by order of this court as disclosed by the minutes of the appearance docket of the court as well as by the docket published in the Tulsa Daily Legal News, the plaintiff in said action surreptitiously appeared before the court on the 10th day of November, 1932, and in the absence of and without notice to, the defendants in said action and without their knowledge obtained what is styled as a default judgment. * * *"

In their petition the defendants further allege that they have a valid defense to the foreclosure action in that the plaintiff is a foreign corporation without an officer resident within the state; that the plaintiff is organized as an insurance company and as such is qualified to do business in this state in accordance with the provisions of section 6683, subd. 4, C. O. S. 1921 (amend. S. L. 1925, chapter 131, sec. 10474, subd. 4, O. S. 1931): that notwithstanding its purpose, its business within this state largely consists of loaning money and that it has not qualified under the provisions of the statutes in such respect, and was therefore not entitled to bring and maintain said action at the time of the filing thereof. As a further defense it is alleged that plaintiff charged and collected usurious interest on the note and mortgage.

Defendants are proceeding under section

556 and subdivisions 4 and 7 thereof, O. S. 1931, which are as follows:

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made: * * *

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. * * *

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The petition to vacate is filed by authority of the provisions of section 558, O. S. 1931, which section requires that such petition be verified, and shall set forth the judgment, and the grounds upon which it is sought to be vacated or modified, and the defense to the action.

At the hearing on said petition, the first duty of a defendant petitioner is to establish sufficient grounds, as authorized in section 556, supra, for vacating the judgment (sec. 559, O. S. 1931). The burden is then upon the defendant to establish and have adjudicated his alleged defense to the action. This burden arises by virtue of the provisions of section 560, O. S. 1931, to the effect that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered. This rule is stated in the second paragraph of the syllabus in Gavin v. Heath, 125 Okla. 118, 256 P. 745, as follows:

"When a defendant against whom judgment has been rendered files a petition at a subsequent term of court to vacate the same, the provision therefor set out in section 810, Comp. St. 1921, should first be shown as required by section 813, then the burden is on him to establish and have adjudged his alleged defense to the action. Failing in either the trial court errs in vacating the judgment against which the attack is directed."

Merely pleading and establishing some of the grounds authorized in section 556, supra, for the vacation of a judgment is not sufficient to warrant the vacation thereof. This court has uniformly held that a valid defense or cause of action is a condition precedent to the vacation of a judgment upon any grounds, except the lack of jurisdiction. In re Bruner's Estate, 125 Okla. 101, 256 P. 722, and numerous authorities there cited. And the court must adjudge that such defense or cause of action is prima facie valid. Oklahoma Ry. Co. v. Holt, 161 Okla. 165, 17 P. (2d) 955.

The petition must allege sufficient facts constituting the grounds relied upon under section 556, and in addition thereto must set up sufficient facts showing a valid defense as provided in section 558, supra. Failure in either instance so to do renders the petition fatally defective. In such case said petition may be properly reached by general demurrer. Provins v. Lovi, 6 Okla. 94, 50 P. 81; Thompson v. Caddo County Bank, 15 Okla. 615, 82 P. 927.

We are of the opinion that the defendants' petition in the present case alleges sufficient facts constituting the grounds assigned by defendants under section 556, supra, but unless the petition alleges facts sufficient to constitute a valid defense to the foreclosure action, the same having been filed after the term at which the judgment was rendered (Joplin Furniture Co. v. Bank, 151 Okla. 158, 3 P. [2d] 173), the petition is fatally defective and the demurrer was properly sustained. Provins v. Lovi, supra.

Defendants contend that the plaintiff, although qualified to do an insurance business in Oklahoma (sec. 10474, subd. 4, O. S. 1931), was not qualified to loan money in the state, in that it has failed to comply with the provisions of section 9738, O. S. 1931, by filing a copy of its charter or articles with the Secretary of State; that no resident agent was appointed, as provided by section 130, O. S. 1931; that having failed to comply with the statutes, plaintiff's contract is void, and by the terms of section 132, O. S. 1931, it is unable to maintain the foreclosure action. In support of that contention, defendants urge Goodner-Krumm Co. v. J. L. Owens Mfg. Co., 51 Okla. 376, 152 P. 86; Seidenbach v. A. E. Little Co., 146 Okla. 247, 294 P. 126. As applied to foreign corporations generally, these cases tend to sustain defendants' contention, but in view of the fact that plaintiff's authority to do business in this state is governed by another statute, as will be hereinafter shown, we do not consider the cited cases in point.

Sections 9738 and 130 to 132, supra, do not render contracts of foreign corporations void and unenforceable, but place the corporations within the reach of process of the courts of the state and protect parties doing business with them from imposition.

Under the State Insurance Law (sec. 10474, O. S. 1931), a foreign insurance company, before it can legally transact business here, is required to perform approximately the same acts as are required of corporations generally by sections 9738, 130 and 131,

supra, except the insurance company deals with the State Insurance Commissioner instead of the Secretary of State. The statutes governing insurance companies and the general statutes governing foreign corporations accomplish the same general purpose. By complying with the provisions of the special statute, the plaintiff has fulfilled the intended purpose of the other. To require plaintiff to comply with the provisions of both the general and special statutes would subject it to duplicate burdens, and would serve no constructive purpose.

This court held in Union Savings Assoc. v. Burns, 74 Okla. 1, 176 P. 227, and in Hill v. Webb, 127 Okla. 249, 260 P. 450, that foreign building and loan companies, by complying with the special statutes governing their qualifications to transact business in the state, were freed from the operation of the general statutes. We think the question there involved analogous to and decisive of the question here presented. If the plaintiff in the present case has fully submitted to the jurisdiction of the state courts and regulatory boards, it is qualified to transact any business within this state authorized by its charter and not denied to domestic corporations.

When the Legislature placed foreign insurance companies under the control and supervision of the Insurance Commission, it was not intended that such companies should be subjected to the general laws relating to the admission of foreign corporations into the state. (See John Hancock Mutual Life Ins. Co. v. Lookinbill [Iowa] 253 N. W. 604.)

Defendants' other ground of defense is usury. The allegations as to usury are as follows:

"For further defense the defendants allege and state that the plaintiff herein charged, exacted and collected usurious interest on the note and mortgage, the subject-matter of this action, and that such usurious interest was paid by these defendants, and that the taking and receiving of same was knowingly done by the plaintiff herein, in this that, whereas said note and mortgage recites that defendants received from the plaintiff the sum of $8,800, the face value of said note and mortgage, when in truth and fact they only received the sum of $8,350, the sum of $450 having been withheld by the said plaintiff under the pretense that the same was a commission and that said plaintiff is now wrongfully demanding repayment of all of said sum of $450, so wrongfully withheld, and are wrongfully and unlawfully demanding and asking to receive and collect interest on said sum so wrongfully withheld; that they have already collected interest on said sum of $450, since the date of said mortgage, and have already collected of said sum the proportionate part that said sum bears to the balance of said loan on which premiums and interest have been paid all in the sum of $650, to wit: $104.50 to be applied on the principal thereof, and $101.70 on the interest."

The first paragraph of the syllabus in Cunningham v. Deming Invest. Co., 135 Okla. 130, 276 P. 207, is as follows:

"In order to set up a defense of usury, it is necessary to set out the specific facts in order to show that the contract sued upon is a usurious one, and the pleadings should consist of averments and not of mere inferences."

In the body of the opinion the following statement by the court appears:

"* * * We think that, where a person is seeking to secure the benefit from a plea of usury, such plea should be definite and certain, so that by an examination of such plea the court can determine that, if such plea is true, such party would be entitled to prevail."

Defendants' allegations contain no dates disclosing the term of the loan; there is no indication that the money retained by plaintiff and the interest charged exceeded the legal rate. No allegations appear from which the court may determine that, if true, usury was actually charged and collected. For these reasons the allegations are insufficient to charge usury.

Defendants say the allegations of usury are sufficient, and cite Garland v. Union Trust Co., 49 Okla. 654, 154 P. 676; Bean v. Rumrill, 69 Okla. 300, 172 P. 452; Elson v. Walker, 80 Okla. 237, 195 P. 899; McKanna v. Thorn, 87 Okla. 74, 209 P. 1039; Porter v. Rott, 116 Okla. 3, 243 P. 160. In the Garland Case the term of the loan and the amount, and the interest charged and collected are pleaded; this statement also applies to the Bean Case; in the Elson Case the allegations of usury are not set out in the opinion and are not questioned by the parties. In the McKanna Case the notes and indorsements thereon showed usury. In the Porter Case the allegations as to usury do not appear in the opinion, and no question of sufficiency is raised. These decisions, therefore, fail to furnish a helpful guide in the determination of the present question.

Defendants' petition to vacate judgment wholly fails to allege facts sufficient to constitute a valid defense to the foreclosure ac-

tion. The judgment of the trial court sustaining plaintiff's demurrer thereto should be affirmed.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BUSBY, JJ., concur.