### FIELDS et al. v. MORGAN.

No. 27029.   March 30, 1937.

Bryan Phillips, for plaintiffs in error.

Ted Morgan, for defendant in error.

PHELPS, J.   This was an action on a note and for foreclosure of the mortgage which secured it. The case was tried to a jury, and the defendants appeal from an adverse judgment, complaining that the trial judge erred in sustaining a demurrer to their evidence, dismissing the jury, and rendering judgment for the plaintiff.

The evidence is undisputed that the defendants signed the note in suit, which was the last and only unpaid note in a series thereof, for the security of all of which notes the mortgage was executed; that the defendants executed the mortgage, and that they had paid nothing on the note. In fact, the defendants admitted that they had paid

nothing on the note. Therefore on these issues there was no question of fact for the jury to decide.

The defendants assert, however, that they were not liable on any note to the plaintiff, pointing out the fact that the note was made payable to plaintiff's husband, and that therefore plaintiff could not legally maintain the action against them. The evidence reveals that the mortgagee named in the mortgage was plaintiff, who had owned and sold the land to the defendants and who took this mortgage as security for payment of the purchase price, as evidenced by the notes; that the notes and the mortgage were executed at the same time and place, but that through inadvertence the plaintiff's husband (who was an attorney and who handled the deal for plaintiff) was named as payee in the notes, instead of his wife being named payee therein, in harmony with the recitals in the mortgage. As stated above, this was purely oversight or inadvertence, and no other inference is possible. The defendants themselves, or at least one of them, testified that they were dealing with plaintiff, "through him," meaning through the plaintiff's husband. The mortgage expressly names the plaintiff, not her husband, as mortgagee, and recites that defendants (mortgagors) had that day executed said notes "to said mortgagee." This contention is therefore wholly technical and without substance.

This mortgage secured four notes. The first three notes were paid and were for $50 each, and each of them provided for an attorney's fee of $15, while the fourth note, the one in suit, was for $350 and provided for an attorney's fee of $50. The mortgage, securing all of the notes, provided for an attorney's fee of not less than $100 in case of foreclosure. The situation, then, was that while the only note remaining due provided for an attorney's fee of $50, the mortgage being foreclosed provided for a fee of not less than $100. Which should govern? The trial court held that the fee provided in the mortgage should govern, under the facts of the particular case, covering the trouble and expense of foreclosure as distinguished from the simpler task of obtaining mere personal judgment on one installment note. The plaintiffs in error complain of this, but they cite no authority nor indulge in any reasoning or argument whatsoever on the point. In K., O. & G. Ry. Co. v. Jones, 161 Okla. 206, 17 P. (2d) 959, we held that a contention requiring research, which in the briefs is neither sup-

ported by authorities nor argument, will not be decided.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and GIBSON, JJ., concur.