### STATE v. PRUDENTIAL INS. CO. OF AMERICA et al.

No. 26703.    June 1, 1937.

Chas. West, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendants in error.

PHELPS, J. The trial court sustained demurrers to the petition and amended petition, and plaintiff appeals. The action was brought in the name of the state, by an attorney appointed by the Governor for that purpose, under the provisions of section 3527, O. S. 1931, to recover certain alleged unpaid license fees which were claimed to be due by the defendant foreign insurance corporation, and for other relief. Defendants other than the insurance company were also named, but the question of whether a cause of action was stated against them depends upon whether one was stated against the insurance company, and those defendants will not be considered further in this opinion, neither will it be necessary to rule upon the assertion of the defendants that an action of this kind may not be maintained under the authority granted in section 3527, supra.

Without copying herein the lengthy petitions, it is sufficient for the purposes of this appeal to state the question upon which the sufficiency of the petitions depends. We have statutes imposing certain conditions precedent to the doing of business within this state by foreign corporations generally. We have other statutes governing the same subject relating to foreign insurance companies only. The petitions are based upon the assumption that a foreign insurance company must, in order to do business in this state, qualify under the general statutes as well as the special statutes. The trial court apparently based its decision upon the belief that it is unnecessary that a foreign insurance company qualify under both sets of statutes, and that it is sufficient if such company qualifies under the special statutes relating to foreign insurance companies, and we hold that in such ruling the trial court was correct.

We first consider the general statute: Section 9738, O. S. 1931, provides that no foreign corporation, except one created solely for religious or charitable purposes, shall transact business within this state until it shall have filed in the office of the Secretary of State a certified copy of its charter or articles of incorporation, and shall have paid the fees required by law. One of such fees is described in section 3749, O. S. 1931, which among other things requires that the Secretary of State shall collect, for issuing a license to a foreign corporation, a fee of one-tenth of one per cent. of the maximum amount of capital invested by such corporation in the state at any time during the fiscal year such license is issued. The section then provides for the annual filing of affidavits as to the maximum amount of capital during succeeding years, and requires the payment of an additional fee of one-tenth of one per cent. of the amount of such excess capital, etc. It is conceded that the defendant foreign insurance company has for many years done business in the state, but has not complied with those sections, and has paid no fees thereunder.

The special statutes spoken of above are sections 10474 to 10478, inclusive, O. S. 1931. Section 10474 provides in substance that no foreign insurance company shall be admitted and authorized to do business in this state until it shall file with the Insurance Commissioner its charter, and a statement of its financial condition, and it

provides other conditions not pertinent to this appeal. Section 10478 provides in substance that every foreign insurance company doing business in this state shall annually report under oath to the Insurance Commissioner the total amount of gross premiums received in the state during the preceding 12 months and shall at the same time pay to the Insurance Commissioner an entrance fee as provided by article 19 of the state Constitution, and an annual tax of 2 per cent. on all premiums collected in the state, etc., and an annual tax of $3 on each local agent, and such other fees as may be paid to the Insurance Commissioner, "which taxes shall be in lieu of all other taxes or fees, and the taxes and fees of any subdivision or municipality of the state." It is conceded that the defendant foreign insurance company did comply with such special statutes.

The question then is: Having complied with such special statutes, was it also incumbent upon the defendant to qualify under the general statutes? This question has twice recently been answered in the negative. In each of those cases the question came up on appeals involving the right of the insurance company to maintain actions in the state courts, while here the question arises in a different manner, but the question is nevertheless the same. In both cases it was decided that when the Legislature, pursuant to the constitutional provisions, placed foreign insurance companies under the control and supervision of the Insurance Commissioner, it was not intended that such companies should also be subjected to the general laws relating to the admission of foreign corporations into the state. It was pointed out in those decisions that the statutes governing insurance companies and the general statutes governing foreign corporations accomplish the same general purpose, and that by complying with the provisions of the special statutes a foreign insurance corporation has fulfilled the intended purpose of the general statutes. We quote from Carlin v. Prudential Ins. Co. of Amer., 175 Okla. 398, 400, 52 P. (2d) 721, 723:

"Sections 9738 and 130 to 132, supra, do not render contracts of foreign corporations void and unenforceable, but place the corporation within the reach of process of the courts of the state and protect parties doing business with them from imposition.

"Under the state insurance law (section 10474, O. S. 1931), a foreign insurance company, before it can legally transact business here, is required to perform approximately the same acts as are required of corporations generally by sections 9738, 130, and 131, supra, except the insurance company deals with the State Insurance Commissioner instead of the Secretary of State. The statute governing insurance companies and the general statutes governing foreign corporations accomplish the same general purpose. By complying with the provisions of the special statute, the plaintiff has fulfilled the intended purpose of the other. To require plaintiff to comply with the provisions of both the general and special statutes, would subject it to duplicate burdens, and would serve no constructive purpose.

"This court held in Union Saving Ass'n v. Burns, 74 Okla. 1, 176 P. 227, and in Hill v. Webb, 127 Okla. 249, 260 P. 450, that foreign building and loan companies, by complying with the special statutes governing their qualifications to transact business in the state, were freed from the operation of the general statutes. We think the question there involved analogous to and decisive of the question here presented. If the plaintiff in the present case has fully submitted to the jurisdiction of the state courts and regulatory boards, it is qualified to transact any business within this state authorized by its charter and not denied to domestic corporations.

"When the Legislature placed foreign insurance companies under the control and supervision of the Insurance Commission, it was not intended that such companies should be subjected to the general laws relating to the admission of foreign corporations into the state. See John Hancock Mutual Life Ins. Co. v. Lookinbill, 218 Iowa, 373, 253 N. W. 604."

The same question was decided in Central Life Assurance Society v. Tiger et al., 177 Okla. 108, 111, 57 P. (2d) 1182, 1185, as follows:

"In addition to the general corporation laws herein cited, the Legislature has seen fit to place certain corporations under special supervision. Section 10474, Oklahoma Statutes 1931, places foreign insurance companies under the jurisdiction of the Insurance Commissioner and requires these companies to file certified copy of their charter with the Insurance Commissioner and to appoint the Insurance Commissioner attorney for process. This is a compliance with the intended purpose of the general corporation statutes, and to require the plaintiff to comply with the provisions of both the general and special statutes would subject it to an unreasonable burden and serve no constructive purpose. The court has fully sustained the position of the plaintiff in this regard in the recent case of Carlin et ux. v. Prudential Ins. Co. of Am., 175 Okla. 398, 52 P. (2d) 721, holding therein that the authority of the insurance

company to do business in the state was governed by section 10474, Oklahoma Statutes 1931, and not by the general statutes.

"The plaintiff and substituted plaintiff, having filed with the Insurance Commissioner certified copy of their charter and appointed the Insurance Commissioner as their attorney for process, fully complied with the requirements of the Oklahoma laws governing the admission of foreign insurance companies. * * *"

The petition also sought the escheat of certain property owned by the defendant within the state, but the property was not described, and furthermore the escheat thereof depended in this particular case upon the correctness of the main predicate of the petition, as considered above.

It is also alleged in the petition that the defendant has been guilty of usury in many transactions had with citizens of this state, and the petition seeks to recover, in the name of the state, damages under such usury statute in some undetermined and indefinite amount. No authority has been submitted or advanced by the plaintiff tending to uphold the contention that the state may recover damages for usury practiced against private citizens. A contention requiring research, which in the briefs is neither supported by authorities nor argument, will not be decided. Kansas, O. & G. R. Co. v. Jones, 161 Okla. 206, 17 P. (2d) 959; Fields et al. v. Morgan, 179 Okla. 485, 66 P. (2d) 502.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.